STATE *ex rel* SEWELL VALLEY RAILROAD CO. *et al.*, v. HONORABLE S. H. SHARP, *Judge, et al.*

(No. 7115)

Submitted September 2, 1931.   Decided September 15, 1931.

*Fitzpatrick, Brown & Davis,* for petitioners.

*J. S. McWhorter* and *A. M. Belcher,* for respondent McClung.

LITZ, PRESIDENT:

The relators, Sewell Valley Railroad Company, a corporation, and Chesapeake & Ohio Railway Company, a corporation, and Jack Gaines, seek, by writ of prohibition, to prohibit the respondents, the Honorable S. H. Sharp, Judge of the Circuit Court of Greenbrier County, and James McClung, from further action on a rule against relators for contempt for alleged violation of an injunction.

The proceeding in contempt, commenced August 6th, last, followed immediately the certification, July 28th, of the mandate from this court in a suit in chancery, instituted in the circuit court of Greenbrier County by McClung, against the relators, Sewell Valley Railroad Company, Chesapeake & Ohio Railway Company and Leckie Smokeless Coal Company, a corporation, affirming the decree of the circuit court in said cause which cancelled the muniments of title under which the Sewell Valley Railroad Company, predecessor of Chesapeake & Ohio Railway Company, had constructed a railroad over the land of McClung in Greenbrier County, and enjoined the three corporations, their agents and employees from further entering upon said land for the purpose of constructing, maintaining or operating a railroad thereover "unless and until the right so to do shall be hereafter obtained under the laws of West Virginia pertaining to eminent domain, or by other legal methods."

The railroad in question is a part of the interstate system of the Chesapeake & Ohio Railway Company. In their appeal from said decree, the Sewell Valley Railroad Company and Chesapeake & Ohio Railway Company contended that the same was erroneous for the reason, among others, that it enjoined the operation of an interstate railway without giving the carrier reasonable opportunity to acquire the right of way in question by legal proceedings. In discussing this feature of the decree, this court, in its opinion of June 9, 1931, stated: "The decree, complained of, should be construed as enjoining the defendants from operating the railroad until one of the companies in good faith institutes proceedings to condemn the right of way or acquires the same by other legal methods. 'If possible, that construction will

be adopted which will support the judgment rather than one which will destroy it.' 34 C. J. 502. Assuming, however, that a proper interpretation of the decree would render it erroneous, in the particular phase, it should be modified in this respect and affirmed.''

The rule in contempt is based upon the operation of the railroad between the time the mandate was certified and the institution of condemnation proceedings August 5th.

The relators contend (1) that the opinion and mandate, read together, should be interpreted as making the injunction effective only upon the failure of the railroad companies to proceed within a reasonable time to institute proceedings to condemn the right of way; (2) that any other interpretation would render the decree in this respect invalid as unreasonable interference with interstate commerce. They also move to amend the mandate under chapter 56, article 5, section 23, Code 1931, which provides that ''the supreme court of appeals may, at the succeeding regular term, review and rehear any case decided by said court, so far as to allow the correction of any clerical error in any decree or judgment pronounced by said court, or where the court on its own motion may desire to rehear and correct such decree or judgment.''

We are of opinion that our former decision should be interpreted as modifying the decree of the circuit court to meet the objection that an order of injunction restraining the operation of an interstate railway on the ground that it does not own the right of way, without affording it an opportunity to condemn, is invalid as an unreasonable interference with interstate commerce. The mandate will, therefore, be so amended; and the peremptory writ of prohibition awarded, as prayed.

*Writ awarded.*