## EX PARTE JAMES SCOTT.

1. *HABEAS CORPUS:* JURISDICTION: RES ADJUDICATA. Under the habeas corpus act, district courts have original, concurrent jurisdiction with the supreme court, and their judgments are subject to review as in other cases.

2. ———: ———: ———. After the writ has once been sued out before the supreme or district court, or a judge thereof, and an adjudication had thereon, the principle of *res adjudicata* is applicable, and until that judgment is reversed, the facts and conditions remaining the same, a writ subsequently issued must be abated.

*Petition for writ in Supreme Court.*

THE facts are fully stated in the opinion.

*Shannon & Washabaugh*, for relator.

*Wm. Pound*, U. S. Atty., for the government.

SHANNON, C. J.—At this term the above named party applied for and obtained a writ of habeas corpus, directed to J. H. Burdick, U. S. marshal, to inquire into the cause of his imprisonment in the U. S. jail, etc.   Upon the return of the writ and it appearing that the relator was held by the marshal by virtue of a warrant of commitment, issued by L. Congleton, a U. S. Commissioner, dated July 8, 1875 (on a charge of giving, bartering and selling spirituous liquors to an Indian, in Yankton, Yankton County, D. T., said Indian belonging to the Yankton Indian reservation, and being under the charge of an Indian agent) the U. S. district attorney suggested to the court that heretofore, to-wit: on the 10th of July, 1875, in the district court in and for the second judicial district, upon petition of this same party, and upon similar allegations, and in relation to the same charge and subject matter under the same facts and conditions—that court had granted a writ of habeas corpus directed to the same officer, upon which the same return as now was made; and that thereupon, in said court, after a due hearing and consideration, a final decision or judgment was duly rendered.

He therefore asked that this present writ (so issued by the supreme court) should be abated, because the case was *res adjudicata.*

The facts thus suggested by the district attorney having been fully admitted by the counsel of the relator, and that the same matter, under the identical complaint as aforesaid, was not only determined and adjudged by the district court, but it was directly and solely in question and in controversy, under the said first writ of habeas corpus—it was insisted by the relator's counsel, that notwithstanding the proceedings and

decision under the former writ, he had a right to a hearing and determination upon the present one.

After careful consideration, we have arrived at the conclusion that this writ should be abated. Under our laws, the principle of *res adjudicata* is applicable to a proceeding upon habeas corpus. In such cases the district court has original, concurrent jurisdiction with this court; and where a court has jurisdiction, it has a right to decide every question which arises in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is binding in every other court.

In the application of the principle of *res adjudicata*, it ought to make no difference whether the first writ was returnable before a court of record or a judge out of court; for in neither case ought the party suing out the writ be permitted to proceed *ad infinitum* before the same court or officer, or before another court or officer having concurrent jurisdiction, to review the former decision, while the facts and conditions remain the same.

If the relator is dissatisfied with the decision of the court below, he cannot properly ask us to review it in this mode. Our appellate jurisdiction can only be invoked and exercised in the manner prescribed by law. The writ is

QUASHED.