# CHARLESTON.

STATE *ex rel.* JOE PRESTY *v.* ROBERT M. LOWE, *Sheriff, Etc.*

STATE *ex rel* PAUL SCREVA *v.* ROBERT M. LOWE, *Sheriff, Etc.*

STATE *ex rel* RALPH DI PASQUALE *v.* ROBERT M. LOWE, *Sheriff, Etc.*

(Nos. 5943, 5943-A, 5943-B)

Submitted February 16, 1927.    Decided February 22, 1927.

HABEAS CORPUS—*Recorded Judgment, Remanding Petitioner After Hearing on Habeas Corpus, Not Reversed, is Conclusive on Another Application (Code, c. 111, §§ 9, 10).*

A judgment entered of record remanding the petitioner after a hearing upon a writ of habeas corpus, which has not been reversed, is conclusive upon another application. Secs. 9 and 10, Ch. 111, Code, applied.

(Habeas Corpus, 29 C. J. § 203.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original petitions for habeas corpus by the State, on the relation of Joe Presty, Paul Screva, and Ralph Di Pasquale, to be directed to Robert M. Lowe, Sheriff. Cases considered together.

*Writs dismissed; petitioners remanded.*

*Ramsay & Wilkin* and *R. C. Wilkin,* for relators.
*James R. Wilkin,* for respondent.

HATCHER, PRESIDENT:

On Jan. 6, 1927, Joe Presty was arrested upon a warrant issued by A. B. Collett, a justice of Brooke county. The warrant charged Presty with conspiracy to inflict bodily injury upon Nic Di Fabbio and other persons. The prisoner was committed to jail to answer the indictment.

Presty filed a petition in this court praying for a writ of habeas corpus, on the ground that there was no legal evidence before the justice which warranted his commitment. The writ was awarded, and a return was made thereto by the sheriff of Brooke county. Among other matters in the return, are allegations that on Jan. 22, 1927, the petitioner filed a petition before the Hon. J. B. Somerville, judge of the circuit court of Brooke county, praying for a writ of habeas corpus against the respondent, as sheriff; that the writ was awarded by the said judge, a return made by respondent, evidence taken, and a full hearing had; and that the judge refused the prayer of the petitioner, dismissed the proceeding by a final order, and had the same entered of record. The return further alleges that the cause of action alleged in the petition before the circuit judge is practically the same as in this court; that the judgment of the circuit court has not been appealed from or set aside; and that the petitioner is therefore barred from maintaining his proceedings in this court. The sheriff files with his return a certified copy of the order entered in vacation of the circuit court of Brooke county, from which it appears that on Jan. 22, 1927, ''came Robert M. Lowe, Sheriff of Brooke county, in answer to applications for writs of habeas corpus, and also came Biagio Merandino, R. C. Wilkin and Joseph S. Tosti, counsel for the petitioner for said writs, and the judge having heard the evidence in said matters, and the arguments of counsel, and it appearing to said judge that said petitioners had a hearing of the matters involved in said writ before A. B. Collett, a justice of Brooke county, and being of opinion that no ground was shown for the issuing of said writs, said judge refused to issue said writs, and left the said petitioners in the hands of the sheriff of Brooke county''.

It does not appear clearly from the above order whether a

writ of habeas corpus was actually issued; but the return here so states, and there is no evidence to the contrary. At common law the return of an officer to a writ of habeas corpus, *prima facie* imported verity. Church on Habeas Corpus, par. 124; 12 R. C. L. p.-1237. That rule has not been changed by statute in West Virginia.

An order remanding a petitioner to custody in this proceeding is not *res adjudicata* at common law. Church, *supra* par. 386. But the common-law doctrine has been changed by statute in this state. Ch. 111, Sec. 9, Code, provides that the judge before whom a hearing is had, upon a writ of habeas corpus, may have his judgment thereon entered of record. Sec. 10 then provides: "Any such judgment entered of record shall be conclusive, unless the same be reversed, except that the petitioner shall not be precluded from bringing the same matter in question in an action for false imprisonment."

The order of the circuit judge shows that his judgment was rendered after full hearing. That judgment has not been reversed. Under Sec. 10 it is conclusive.

The same situation exists in regard to the other petitioners herein, as to Presty.

Consequently, all the writs will be dismissed.

*Writs dismissed; petitioners remanded.*