LESLIE WILLIAMS ET AL., APPELLANTS, V. NEIL OLSON, WARDEN OF THE NEBRASKA STATE PENITENTIARY, APPELLEE.

16 N. W. 2d 178

FILED NOVEMBER 3, 1944. No. 31823.

*Leslie Williams* and *Joe Bennett, pro se.*

*Walter R. Johnson, Attorney General, H. Emerson Kokjer* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

On February 17, 1944, Leslie Williams and Joe Bennett, petitioners, filed a petition in the district court for Lancaster county, praying that a writ of habeas corpus be granted. The district court dismissed the petition. From the order of dismissal petitioners appeal.

The petition is voluminous and details with particularity a complete factual situation upon which the petitioners base their claim for the writ. The petition likewise contains a part of the testimony taken at a hearing in the district court for Lancaster county, where the petitioners had a hearing on the merits in a previous habeas corpus action. In addition thereto, the petition sets out the information wherein petitioners were charged with an offense against the laws of this state in which they waived service of a copy of the information and time to plead and request arraignment instanter. Pursuant to their respective pleas of guilty and sentence pronounced, they are now incarcerated in the penitentiary of this state.

On or about May 26, 1941, the petitioners filed a petition for a writ of habeas corpus in the district court for Lancas-

ter county. A hearing on the petition was had on or about June 23, 1941, which lasted two days and a half; testimony was taken, a part of which appears in the petition in the instant case. On July 25, 1941, the court dismissed the application. On August 4, 1941, the petitioners filed in the district court what they term a "Motion for Reconsideration." On October 10, 1941, such motion was overruled and exceptions allowed. An attempt was made to appeal to this court. The appeal was dismissed on motion of the state, petitioners having failed to properly perfect their appeal. Other procedure was had to obtain a writ of habeas corpus, but this part of the history of this litigation we deem unnecessary to relate.

The order of dismissal of the petition and application for a writ of habeas corpus in the case now before us recites that the "petition sets out the same grounds for a writ as were set out in case docketed W-103 by the same parties and in which, under order of this court, answer was filed by respondent and the issues thus drawn and heard in June, 1941" and the order states:

"The petition herein sets out substantially the same grounds as were enumerated in the case heretofore referred to. It also contains transcript of part of the testimony but falls far short of including all the testimony. The petition herein also quotes part of the findings of this court in the previous hearing * * * .

"The relators in their present petition state nothing new that is material other than was stated in the first case, that is W-103, on which petition there was a full and complete hearing and a rather lengthy written findings and a brief summary of the evidence upon which this court based its findings."

The petitioners allege in their petition that on or about May 26, 1941, they filed in the district court for Lancaster county a petition for a writ of habeas corpus and they alleged the same matters and in substantially the same manner as are related in the petition before the court in this case.

The appellants (petitioners) reiterate in their brief that on or about May 26, 1941, they filed in the district court for Lancaster county a petition for a writ of habeas corpus; that the statement of the case "was the same as that hereinbefore presented to this court. In said petition the contentions and allegations were identical with those presented in this cause of action, * * * ."

"The constitutional and statutory right of appeal in habeas corpus proceedings is now given in most states, and it operates as a substitute for successive applications from court to court, or judge to judge, which the prisoner had a right to make at common law, in case his application was refused. Church, Habeas Corpus (2d ed.) 590, sec. 389b." *In re Application of Tail, Tail v. Olson*, 144 Neb. 820, 14 N. W. 2d 840.

Section 24, art. I of the Constitution of Nebraska, provides: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." Responding thereto, section 29-2823, Comp. St. 1929, provides:

"The proceedings upon any writ of habeas corpus shall be recorded by the clerk and judges, respectively and may be reviewed as provided by law for appeal in civil cases."

Section 20-1911, Comp. St. 1929, reads: "A judgment rendered or final order made by the district court may be reversed, vacated or modified by the supreme court, for errors appearing on the record." And section 20-1902, Comp. St. 1929, provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding * * * is a 'final order' which may be vacated, modified or reversed, as provided in this chapter and chapter 19."

This court held in *In re Application of Tail, Tail v. Olson, supra*: "The denial of an application for, and refusal to allow, a writ of habeas corpus by the district court is a final order affecting a substantial right made in a special proceeding which in effect terminates the action.

"Such a final order is reviewable upon appeal to this court, * * * ."

The appeal in the instant case having been lodged in this court, pursuant to the foregoing constitutional and statutory provisions, presents the legal question, whether the doctrine of *res judicata* may be applied in habeas corpus proceedings, where it is claimed that the contention of the petitioners is the same in the instant case as in a former case, and the present case is that the judgment of conviction is void, where no new facts are alleged.

"In a number of jurisdictions by reason of express statutory provisions, and in a few jurisdictions even in the absence of express statute, the doctrine of res judicata applies to habeas corpus proceedings wherein release of the relator is refused, and the decision is conclusive as to all points presented or which might have been presented on the first application, at least where the imprisonment is in a civil case, or where the decision is subject to review on appeal, writ of error, or certiorari." 39 C. J. S., sec. 105, p. 698. See, also, 29 C. J., sec. 203, p. 179; *Perry v. McLendon*, 62 Ga. 598; *McMahon v. Mead*, 30 S. D. 515, 139 N. W. 122; *Rex v. Miller*, 19 Ont. Law, 288. In this state there is no express statute covering the subject matter with reference to *res judicata* in habeas corpus actions.

In *McMahon v. Mead, supra*, the court said: "Under the rulings of our courts, an order made in habeas corpus proceedings is a final order. Being a final order, it is appealable. Being appealable, it is res judicata of all matters that were or could have been raised upon such proceeding." The court decided the matter without the aid of a specific statute. The opinion cited *Ex parte James Scott*, 1 Dak. 140, 46 N. W. 512, wherein it was said: "After careful consideration, we have arrived at the conclusion that this writ should be abated. Under our laws, the principle of *res adjudicata* is applicable to a proceeding upon habeas corpus." The opinion in the *McMahon* case also quoted from *Perry v. McLendon, supra*, as follows: "But when it appears, on the return or at the hearing, that the legality

of the imprisonment has already been adjudicated upon a previous writ between the same parties, by a competent tribunal, the production of that judgment is the end of controversy" and added: "We therefore conclude that, where, as in this state, an order made on habeas corpus is a final order, and, as such, appealable, such order, until reversed upon appeal, is res judicata upon all questions which were, or could properly have been, determined thereby."

In *Smith v. Olson,* 44 Fed. Supp. 456, it was said: "In its ruling upon the petition presently before it, the court, fully mindful of the limitation upon the principle of res adjudicata that is implicit in *Mooney v. Holohan,* 294 U. S. 103, 55 S. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406; *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461; *Walker v. Johnston,* 312 U. S. 275, 61 S. Ct. 574, 85 L. Ed. 830; and *Smith v. O'Grady, supra,* might nevertheless confidently rely upon that principle. In *Smith v. O'Grady, supra,* every issue here presented was raised, and along with sundry additional issues of fact, was resolved adversely to the petitioner. The petitioner has had his constitutional 'day in court' upon every question he now suggests. And this court will not relitigate his claim."

In *State ex rel. Flippin v. Sievers,* 102 Neb. 611, 168 N. W. 99, this court held: "The principle of *res judicata* does not apply in cases of habeas corpus to a judgment discharging the prisoner, when such previous discharge was not upon the merits, * * * or where a new state of facts, warranting his restraint, is shown to exist, different from that which existed at the time the first judgment was rendered." This indicates that, had the record disclosed in the foregoing case that the petitioner had had a hearing on the merits and subsequently filed a new petition for a writ of habeas corpus, which did not contain a new state of facts, different from that which existed at the time the first judgment was rendered, then the court would have applied the doctrine of *res judicata.*

In our opinion, the final adjudication in a habeas corpus proceeding on its merits is conclusive in the matters there

determined as against a subsequent application. A party should not be permitted to proceed *ad infinitum* before the same court, or before another court having concurrent jurisdiction to review a former decision, where the facts and conditions remain the same.

An examination of the petition in the instant case discloses it affirmatively appears that the contention in the former proceeding was that the judgment of the sentencing court was void, setting forth the reasons. The same conditions, based upon the same reasons and facts, are made in the petition before the court in the instant case. Due to the conclusiveness of the former judgment and the application of the doctrine of *res judicata,* the merits of this controversy, having been once determined in a former action, as hereinbefore explained, are not for review in this court.

For the reasons given in this opinion, the order of the district court, dismissing appellants' petition for a writ of habeas corpus, is affirmed.

AFFIRMED.