WILLIAM SHEARS

*v.*

DONIVAN E. ADAMS, *Warden, Etc.*

(CC854)

Submitted April 12, 1960.          Decided June 7, 1960.

*Rickey & Chase, J. K. Chase, Jr.,* for petitioner.

*W. W. Barron, Attorney General, Joseph E. Hodgson, Assistant Attorney General,* for respondent.

HAYMOND, JUDGE:

In this habeas corpus proceeding instituted in the Circuit Court of Marshall County, the petitioner,

William Shears, seeks a writ to compel the defendant, Donivan E. Adams, Warden of the West Virginia Penitentiary at Moundsville, West Virginia, to release him from the pentitentiary where he is now confined under a sentence of life imprisonment imposed by the Circuit Court of Preston County by its judgment pronounced June 22, 1957, in his trial upon an indictment for the crime of forgery. To the petition for the writ, with which a certified copy of the judgment imposing the sentence of life imprisonment and committing him to the penitentiary was filed as an exhibit, the defendant filed his return and his demurrer which challenged the legal sufficiency of the petition for the writ.

The Circuit Court of Marshall County overruled the demurrer and on joint motion of the attorneys for the petitioner and the defendant certified its ruling upon the demurrer to this Court. The two questions certified are: (1) Whether the commitment by the Circuit Court of Preston County sufficiently complies with the applicable statutes of this State; and (2) whether the judgment of the Circuit Court of Preston County, which shows two previous convictions for felonies, fails to show that such convictions constitute the basis for the sentence of life imprisonment imposed upon the petitioner.

At the June 1957 term of the Circuit Court of Preston County the petitioner, who apparently used the names of W. M. Shears and Glenn Manko, was indicted for the crime of forgery, the penalty for which is confinement in the penitentiary for a period of two to ten years; and on June 22, 1957 the petitioner, attended by counsel, entered a plea of guilty to the indictment. The order of the Circuit Court of Preston County contains the recitals that the defendant was guilty as charged in the indictment; that he was committed to the custody of the warden of the penitentiary for imprisonment for the rest of his natural life; that the prosecuting attorney filed an information that the defendant, William Shears, was convicted of grand

larceny in the Circuit Court of Preston County and on June 27, 1939 was sentenced for a period of one year in the penitentiary, and was also again convicted of forgery in the same court and on November 4, 1946 was sentenced for a period of two to ten years in the penitentiary; that he was arraigned upon the information charging those two prior convictions and that, when asked by the court if he was the same person who had been convicted of each of those offenses, he made affirmative answers.

It is clear from the foregoing recitals that all the proceedings in connection with the conviction of the petitioner of the crime of forgery with which he was charged in the indictment then before the court and his sentence of life imprisonment took place simultaneously and at a single session of court but the sequence in which the various steps in the proceeding occurred does not clearly appear from the judgment order.

The petitioner contends, in substance, that the order in which the recitals appear in the judgment indicates the sequence in which the various steps occurred in the proceeding had on June 22, 1957 when the judgment of the circuit court was entered; that the recitals show that the petitioner was sentenced to life imprisonment for the particular offense of forgery upon the indictment then before the court; that he was so sentenced before the prosecuting attorney had filed an information charging the petitioner with two prior convictions for a felony; and that for those reasons the court failed to comply with the requirements of the habitual criminal statute, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, and was without jurisdiction to impose the sentence of life imprisonment upon the petitioner.

It is manifest that the jurisdiction of the Circuit Court of Preston County to sentence the petitioner to life imprisonment by the judgment rendered June 22, 1957 depended upon and was derived from Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as

amended, which were in effect when such sentence was imposed. *State ex rel. Browning v. Tucker,* 142 W. Va. 830, 99 S. E. 2d 740; *Dye v. Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234. The circuit court had jurisdiction of the particular offense of forgery charged against the petitioner but, of course, lacked jurisdiction to sentence him to life imprisonment upon the indictment for that offense. It did, however, have jurisdiction, under Sections 18 and 19, upon compliance with the jurisdictional requirements of those sections, to impose a sentence of life imprisonment upon the petitioner.

Section 18 provides, to the extent here pertinent, that when any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined as provided in Section 19 of the statute that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life. Section 19, to the extent here pertinent, also provides that it shall be the duty of the prosecuting attorney, when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary, to give information thereof to the court immediately upon conviction and before sentence; that the court shall, before the expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney setting forth the records of conviction and sentence, or convictions and sentences, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not; that if he says he is not, or remains silent, his plea or the fact of his silence, shall be entered of record, and a jury shall be impaneled to inquire whether the prisoner is the same person mentioned in the several records; that if the jury find that he is not the same person, he shall

be sentenced upon the charge of which he was convicted as provided by law; but that if the jury find that he is the same person, or after being duly cautioned, he acknowledges in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by Section 18 on a second or third conviction as the case may be.

It is evident from the recitals in the judgment that during the single session of the court at which the petitioner was convicted and sentenced the prosecuting attorney did file the information required by the statute which showed that the petitioner had been twice previously convicted in the United States of a crime punishable by confinement in the penitentiary and which alleged that the petitioner was the same person who had been twice previously convicted of such crimes; that the petitioner admitted, when questioned by the court, that he was the person who had been previously so convicted; and that the petitioner was sentenced to life imprisonment in the penitentiary. These recitals show affirmatively that the foregoing requirements of the two sections of the statute were considered and complied with by the circuit court.

The only irregularity which appears in the judgment relates to the order in which the recitals are set forth in the judgment and this irregularity renders the judgment ambiguous and subject to interpretation as to the chronological sequence in which those steps in the proceeding occurred. The judgment is silent with respect to the requirement that the prosecuting attorney, if he had knowledge of the former sentences to the penitentiary of the petitioner, should give information of those facts to the court immediately after the petitioner was convicted and before he was sentenced, and is also silent with respect to the requirement that the petitioner should be duly cautioned befor he acknowledged in open court that he was the same person who had been twice previously convicted and sentenced for a crime punishable by confinement in the penitentiary.

The rule is well established that where a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective, and conclusive and which makes the judgment harmonize with the facts and the law of the case and such as ought to have been rendered. If possible, that construction will be adopted which will support the judgment, rather than the construction which will destroy it. All presumptions are in support of the judgment and nothing will be presumed against it. 49 C.J.S., Judgments, Section 436; *Alexander v. Brown*, 236 N. C. 212, 72 S. E. 2d 522; *East Carolina Lumber Company v. West*, 247 N. C. 699, 102 S. E. 2d 248; *Chappell v. Small*, 194 Ga. 143, 20 S. E. 2d 916. As a general rule judgments are to be construed like other written instruments; and if a judgment is susceptible of two interpretations, one of which would render it legal and the other illegal, the court will adopt the former. 30A Am. Jur., Judgments, Section 69. In *Farmers of Greenbrier County v. The County Court of Greenbrier County*, 105 W. Va. 567, 143 S. E. 347, this Court held in the syllabus that "Where a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective and conclusive, and which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered." In *McClung v. Sewell Valley Railroad Company*, 110 W. Va. 621, 159 S. E. 521, this Court held in point 3 of the syllabus that "If possible, that construction will be adopted which will support a judgment rather than one which will destroy it." See also *State ex rel. Sewell Valley Railroad Company v. Sharp*, 111 W. Va. 39, 160 S. E. 302. In construing the meaning and the effect of the judgment imposing life imprisonment upon the petitioner and in ascertaining the intention of the court in entering the judgment it would be unreasonable to conclude that the court imposed or intended to impose a sentence of life imprisonment upon the petitioner for the particular offense of forgery for which he was then being tried or that such sen-

tence, being clearly erroneous and void, would have been entered without objection by the attorney for the petitioner who was present in court when the judgment was entered. No such objection appears from any recital in the judgment. To construe the judgment to mean that the sentence of life imprisonment was imposed for the crime of forgery alone would clearly produce an absurd result; and to avoid such result the court will adopt a reasonable construction of the judgment. *State ex rel. McLaughlin v. Morris*, 128 W. Va. 456, 37 S. E. 2d 85; *Newhart v. Penny-backer*, 120 W. Va. 774, 200 S. E. 350, 754. See also *Coal and Coke Railway Company v. Conley and Avis*, 67 W. Va. 129, 67 S. E. 613. The only reasonable interpretation of the meaning and the effect of the judgment, which affirmatively shows that the court by information filed by the prosecuting attorney was advised of the two prior convictions of the petitioner, who upon inquiry admitted that he was the same person who had been previously so convicted, is that upon those clearly established facts the judgment of life imprisonment was imposed upon the petitioner under the habitual criminal statute because of his two prior convictions of a crime punishable by confinement in the penitentiary. Upon consideration of the judgment in its entirety this Court so interprets its meaning and effect, holds that those essential requirements of the habitual criminal statute were substantially complied with, and sustains the validity of the judgment entered by the circuit court on June 22, 1957, which sentenced the petitioner to life imprisonment in the penitentiary of this State.

As previously indicated there is no recital in the judgment to indicate whether the prosecuting attorney informed the court, immediately after the petitioner was convicted and before he was sentenced, that he had been twice previously sentenced to the penitentiary for an offense punishable by confinement in the penitentiary or whether the petitioner, before he admitted that he was the same person who

had been previously so sentenced, was duly cautioned by the court. As to these two jurisdictional requirements the judgment is silent. When, however, the record of a court of general jurisdiction is merely silent with respect to a matter affecting its jurisdiction the presumption that it satisfied and complied with all jurisdictional requirements for the entry of a valid judgment will be accorded prevailing force and effect. *State ex rel. Browning v. Tucker*, 142 W. Va. 830, 98 S. E. 2d 740; *Lieberman v. Lieberman*, 142 W. Va. 716, 98 S. E. 2d 275; *Adkins v. Adkins*, 142 W. Va. 646, 97 S. E. 2d 789; *State ex rel. Lovejoy v. Skeen*, 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. Ed. 1268; *Lemley v. Wetzel Coal and Coke Company*, 82 W. Va. 153, 95 S. E. 646. A judgment imposing the sentence of life imprisonment, being valid on its face and not contradicted by any showing to the contrary in the record, is not subject to collateral attack in a habeas corpus proceeding. *State ex rel. Browning v. Tucker*, 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Lovejoy v. Skeen*, 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S Ct. 786, 99 L. Ed. 1268.

Under the foregoing authorities, in the absence of any affirmative showing to the contrary, it must be presumed that the Circuit Court of Preston County complied with the foregoing two jurisdictional requirements in imposing the sentence of life imprisonment upon the petitioner.

The first certified question is answered in the affirmative, the second certified question is answered in the negative, and the action of the Circuit Court of Marshall County, in overruling the demurrer to the petition, is reversed.

*Ruling reversed.*