STATE *ex rel.* THOMAS YOKUM, JR.

*v.*

D. E. ADAMS, *Warden*

(No. 12005)

Submitted April 12, 1960.     Decided July 12, 1960.

*Philip B. Hill,* for relator.

*W. W. Barron,* Attorney General, *W. Bernard Smith,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

In this original proceeding in habeas corpus, the facts as alleged in the original and amended petitions, and as admitted in the return of the respondent, are as follows: Relator, Thomas Yokum, Jr., was twice indicted by the Grand Jury attending the Circuit Court of Pendleton County on April 21, 1959, the first indictment being for the alleged attempted murder of B. H. Swartz, the second for the alleged attempted murder of F. W. Armstrong. On May 12, 1959, he was found guilty by a jury of the attempt to murder B. H. Swartz, and on May 14, 1959, upon his admission that he was the same Thomas Yokum, Jr., who had been previously convicted of a felony in 1943, as orally suggested by the Prosecuting Attorney, was sentenced to a term of from 1 to 10 years in the State Penitentiary. At the subsequent July term of the Circuit Court of Pendleton County, relator was returned from the State Penitentiary to that court to stand trial upon the charge of attempted murder of F. W. Armstrong. Upon being found guilty by a jury, the Prosecuting Attorney orally suggested the previous convictions in 1943 and May 14, 1959, and on September 21, 1959, relator was sentenced to life imprisonment. Both charges of attempted murder arose at the same time and place when relator discharged a single shot from a 12 gauge shotgun at B. H. Swartz and F. W. Arm-

strong, members of the Department of Public Safety, when they attempted to place him under arrest upon a warrant charging the offense of assault and battery.

It is conceded that one of the prior felony convictions relied upon for the life sentence imposed on September 21, 1959, did not precede the commission of the principal offense. Therefore, the imposition of a sentence of life imprisonment was invalid under the provisions of Code, 61-11-18. *State ex rel. Medley v. Skeen, Warden,* 138 W. Va. 409, 76 S. E. 2d 146, and previous decisions of this Court cited in the opinion thereof.

The record shows, and the Attorney General admits, that no written information was filed with the court prior to the sentencing of the petitioner on May 14, 1959, or on September 21, 1959. In each of the two indictments, the previous conviction of the petitioner in 1943 was set out in the indictment following the procedure in effect in this State prior to the amendment of Code, 61-11-19, by Chapter 31, Acts of the Legislature, Regular Session, 1943. Under the section, as amended, previous offenses are not to be alleged in the indictment. The section now provides, in part: "It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information *filed* by the prosecuting attorney, setting forth the records of conviction and sentence, * * *." (Italics supplied.) Whether the procedure followed, that is, setting out the previous conviction in the indictment, constitutes reversible error, which we do not now decide, it seems clear from the record in the instant proceeding that neither indictment was attacked by demurrer or motion.

However, it is the view of this Court that this section imposes a mandatory duty upon the prosecuting attorney to file an information in writing, as a condition precedent to the valid imposition of an additional sentence upon a convicted person, and that the failure to do so may be reached in a habeas corpus proceeding. *State ex rel Housden v. Adams, Warden,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Browning v. Tucker,* 142 W. Va. 830, 98 S. E. 2d 740. Compare: *State ex rel. Lovejoy v. Skeen, Warden,* 138 W. Va. 901, 78 S. E. 2d 456; and *State v. Blankenship,* 137 W. Va. 1, 69 S. E. 2d 398. Such a finding means that the imposition, on May 14, 1959, of a sentence upon relator in excess of five years was void, and that the imposition of a sentence upon him on September 21, 1959, in excess of five years, was likewise void. *State ex rel. Medley v. Skeen, Warden,* 138 W. Va. 409, 76 S. E. 2d 146.

This holding thus raises the question of whether the sentence of May 14, 1959, imposed at the March term of the Circuit Court of Pendleton County and the sentence of September 21, 1959, imposed at the July term of that court shall run consecutively or concurrently. Code, 61-11-21, is entitled ''Cumulative Sentences'' and reads as follows: ''When any person is convicted of two or more offenses, *before sentence is pronounced for either,* the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.'' (Italics supplied.) The italicized words in this section clearly show that the provisions thereof do not apply to the instant case.

Since there is no applicable statute we must look to the common law to determine this issue. Apparently this Court has not passed upon that precise question. However, the cases in other jurisdictions are

numerous. The rule seems well settled that in the absence of a statute to the contrary if an accused is convicted of more than one offense and sentences are imposed by the same court they will be construed as running concurrently unless it clearly appears that the court intended that the sentences should run consecutively. 70 A.L.R. 1512, and many cases therein cited from several jurisdictions, including decisions by the Supreme Court of the United States; 15 Am. Jur., Criminal Law, Section 465. While we are not concerned with the question in this case, it is the view of courts constituting the weight of authority that a court may make a sentence imposed by it cumulative to that of a sentence imposed by another court although there is substantial authority to the contrary. 57 A.L.R. 2d 1412, 1427.

The petitioner in this proceeding was twice sentenced by the same court at succeeding terms, but for an obvious reason the court did not at the second sentencing provide specifically either that the sentence should run concurrently or consecutively with the previous one. The reason for that situation arising was that the court was under the misapprehension that it had the authority to sentence the prisoner to a term of life imprisonment in the penitentiary as an habitual criminal who had twice before been convicted of a felony. Regardless of such misapprehension, since it does not clearly appear that the court intended the sentences to run consecutively, we must hold that the case falls within the majority rule and that the valid portions of the two sentences must run concurrently insofar as they overlap, which means that the prisoner will have served both sentences at the expiration of the term which began on September 21, 1959.

Inasmuch as the petitioner has not served the lawful term of imprisonment imposed upon him under these two sentences, he will not be released from custody upon this writ of habeas corpus but will be remanded to the custody of the warden of the West Virginia Penitentiary to complete the valid portions

of the sentences imposed upon him by the Circuit Court of Pendleton County. However, a judgment imposing punishment by imprisonment which is void in part may be reviewed and corrected in a habeas corpus proceeding, and the mandate of this Court to that effect is sufficient authority for the respondent and others who may be thereby affected to make such adjustments in their records as will comply therewith. *State ex rel. Medley v. Skeen,* 138 W. Va. 409, 76 S. E. 2d 146.

*Writ discharged;
prisoner remanded.*