STATE *ex rel.* MILLARD JUNIOR BONNETTE,
ALIAS TONY ANTHONY DEBRENO

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12338)

Submitted June 2, 1964.          Decided June 23, 1964.

*Neal A. Kinsolving,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, PRESIDENT:

This is an original habeas corpus proceeding instituted in this Court May 25, 1964. The petitioner, Millard Junior Bonnette, alias Tony Anthony Debreno, a prisoner in the West Virginia Penitentiary, to which he was sentenced by final judgment of the Intermediate Court of Kanawha County rendered February 10, 1961, for a term of not less than one year or more than ten years for the principal offense of which he was convicted and for an additional term of five years, seeks a writ to prevent the enforcement of the additional term of five years imposed by the court under the provisions of Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended.

On May 25, 1964, this Court awarded the writ and appointed an attorney to represent the petitioner in this proceeding. On June 2, 1964, the date to which the writ was returnable, the defendant appeared and produced the prisoner before this Court. The defendant, who was represented by an assistant attorney general, presented no defense to the petition, and this proceeding was submitted for decision upon the petition and its exhibits and the written brief of the attorney in behalf of the petitioner.

The facts which are not disputed are stipulated by the attorneys for the respective parties.

A grand jury of the Intermediate Court of Kanawha County at the September Term, 1960, returned an indictment for a felony which charged the petitioner with the crime of breaking and entering; and at that term of court, on November 28, 1960, the petitioner entered a plea of guilty to the offense charged in the indictment. On January 4, 1961, another day of the same term of the court, the prosecuting attorney filed an information in which it was charged that the petitioner had previously been convicted and sentenced for an offense punishable by confinement in the penitentiary. No further action was taken by the court concerning the petitioner during the September Term, 1960, which ended on January 7, 1961. The petitioner was not confronted with the foregoing information until after the adjournment of the September Term, 1960, of the court or until February 10, 1961, during the January Term, 1961, of the court. At that time the court entered an order filing the information, duly cautioned the petitioner, and required him to say whether he was the same person named in the information. The petitioner acknowledged, in open court, that he was the same person and the court found that he had previously been convicted of a felony and had been sentenced on December 16, 1953, by the Circuit Court of Putnam County, West Virginia, to be confined in the penitentiary of this State at Moundsville, West Virginia, for a term of ten years and that he had been so confined in the penitentiary under the sentence of imprisonment.

The court by its final judgment rendered February 10, 1961, sentenced the petitioner to confinement in the penitentiary of this State for a term of not less than one year or more than ten years for the principal offense and, because of his one prior conviction of a crime punishable by imprisonment in a penitentiary, also sentenced the petitioner to confinement in the penitentiary for an additional term of five years to begin at the expiration of the term of one year to ten years. The judgment provided that he be given credit for the time he spent in jail awaiting trial and conviction and that the sentence imposed should begin as of October 10, 1960.

It is·the contention of the petitioner that the trial court, in imposing the sentence of imprisonment for an additional period of five years, did not comply with or satisfy the provisions of Section 19, Article 11, Chapter 61, Code, 1931, as amended, and that for· that reason any sentence in excess of that provided by statute for the principal offense is void and unenforceable.

The decision in this proceeding is controlled by the decision of this Court in the habeas corpus proceeding of *State ex rel. Foster* v. *Boles,* 147 W. Va. 655, 130 S. E. 2d 111, and under that decision the petitioner is entitled to relief from the additional sentence of five years which the court imposed under Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, which are known as the habitual criminal statute. Section 19 of that statute provides that the information by the prosecuting attorney of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary be given to the court immediately upon conviction and before such person is sentenced and that the court shall, before the expiration of the term at which such person was convicted, cause such person to be brought before it and confronted with the charge set forth in the information and duly cautioned before such person is sentenced to further confinement under the habitual criminal statute.

It clearly appears from the record in this proceeding that the trial court did not comply with the requirement of Section 19 of the statute in that it failed to cause the defendant to·be confronted with the charges·set forth in the information and to be duly cautioned at the same term of court at which he was convicted of the principal offense charged in the indictment. The provisions of that section are clear and free from ambiguity and the procedural requirements which it imposes are mandatory. In the *Foster* case this Court, approving and quoting point 3 of the syllabus in *State ex rel. Housden* v. *Adams,* 143 W. Va. 601, 103 S. E. 2d 873, held in point 1 of the syllabus that "A person convicted of a felony cannot be sentenced under the habitual criminal statute, Code, 61-11-19, unless

there is filed by the prosecuting attorney with the court at the same term, and before sentencing, an information as to the prior conviction or convictions and for the purpose of identification the defendant is confronted with the facts charged in the information and cautioned as required by the statute."

It is well settled by the decisions of this Court that the jurisdiction of a trial court to sentence to further confinement in the penitentiary a person who is convicted of an offense and is subject to confinement in the penitentiary for such offense depends upon and is derived from Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended. *State ex rel. Foster* v. *Boles,* 147 W. Va. 655, 130 S. E. 2d 111; *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707; *Shears* v. *Adams,* 145 W. Va. 250, 114 S. E. 2d 585; *State ex rel. Housden* v. *Adams,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234. This Court has also held that the provisions of Section 19 of the statute are mandatory and must be complied with fully for the imposition of a valid sentence of further confinement under the statute. *State ex rel. Foster* v. *Boles,* 147 W. Va. 655, 130 S. E. 2d 111; *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707; *State ex rel. Yokum* v. *Adams,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Housden* v. *Adams,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740.

When, as here, it affirmatively appears from the record in the trial of a criminal case on an indictment for a felony punishable by confinement in the penitentiary for a period of less than life imprisonment that the trial court entered a judgment imposing an additional period of imprisonment under the habitual criminal statute, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, but did not fully comply with the provisions of that statute by failing to cause the defendant in such case to be confronted with the charges in the information and to be duly cautioned at the same term of court at which he was convicted of the principal offense charged in the indict-

ment, the added portion of the sentence, in excess of the maximum statutory sentence for such principal offense, is void for the reason that the trial court lacked jurisdiction to impose such additional sentence. *State ex rel. Foster* v. *Boles,* 147 W. Va. 655, 130 S. E. 2d 111; *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707; *State ex rel. Yokum* v. *Adams,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Housden* v. *Adams,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Medley* v. *Skeen,* 138 W. Va. 409, 76 S. E. 2d 146; *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234; *Ex Parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Ex Parte Mooney,* 26 W. Va. 36, 53 Am. St. Rep. 59.

The judgment which sentenced the petitioner to confinement in the penitentiary for an additional period of five years, being in excess of the imprisonment for an indeterminate period of one to ten years, the maximum sentence of imprisonment which the trial court had jurisdiction to pronounce upon the plea of guilty entered by the petitioner to the indictment against him for breaking and entering, is a void judgment to the extent that it exceeds the maximum sentence of one year to ten years. A judgment which is wholly void, or is void in part, is subject to collateral attack in a habeas corpus proceeding. *State ex rel. Foster* v. *Boles,* 147 W. Va. 655, 130 S. E. 2d 111; *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707; *State ex rel. Yokum* v. *Adams,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Medley* v. *Skeen,* 138 W. Va. 409, 76 S. E. 2d 146. The effect of a void judgment will be avoided and the enforcement of such judgment will be prevented by the writ of habeas corpus. *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234; *Ex Parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Ex Parte Mooney,* 26 W. Va. 36, 53 Am. St. Rep. 59. In the opinion in *Ex Parte Evans,* 42 W. Va. 242, 24 S. E. 888, this Court said: "Where the imprisonment is under process or order that is void, as distinguished from irregular or erron-

eous, the writ of *habeas corpus* holds it for naught, disregards or ignores it as not furnishing warrant for imprisonment; but it does not operate directly on the void process or judgment by annulling or reversing it, like an appeal, writ of *certiorari*, or writ of error, but, as a collateral procedure, simply releases from the prison by ignoring the alleged warrant for imprisonment."

The sentence of confinement for the additional period of five years, being void, can not be enforced. The relief from that portion of the sentence imposed upon the petitioner as prayed for by him is granted, and the petitioner after completely serving the valid portion of his sentence must be released. At this time, however, he has not served the valid portion of his sentence of one year to ten years. For this reason the writ, which would presently release him from confinement, is denied and the petitioner is remanded to the custody of the defendant until he has completely served the valid portion of his sentence of confinement in the penitentiary of this State.

*Writ discharged;*
*prisoner remanded.*