138 S.E.2d 851 (1964)
STATE ex rel. Franklin H. BECKETT
v.
Otto C. BOLES, Warden, West Virginia. Penitentiary.
No. 12342.
Supreme Court of Appeals of West Virginia.
Submitted October 6, 1964.
Decided November 24, 1964.
*853 Phillips & Holden, John D. Phillips, Jr., Wheeling, for relator.
C. Donald Robertson, Atty. Gen., George H. Mitchell, Asst. Atty. Gen., Charleston, for respondent.
HAYMOND, President:
This is an original habeas corpus proceeding instituted in this Court in June 1964. The petitioner, Franklin H. Beckett, who is presently confined in the penitentiary of this State by virtue of a sentence of life imprisonment as a habitual criminal imposed by the Circuit Court of Wayne County, West Virginia, by its final judgment rendered December 5, 1960, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from such confinement.
On June 16, 1964, this Court awarded a writ returnable September 2, 1964, at which time, by agreement of counsel representing the respective parties and by leave of this Court, this proceeding was continued until October 6, 1964. At that time the proceeding was heard and submitted for decision upon the petition and its exhibits, the demurrer and the answer of the defendant and its exhibits, and the written briefs and the oral arguments in behalf of the respective parties.
In October 1960 the petitioner was arrested in a part of the City of Huntington located in Wayne County, West Virginia, and charged with the crime of unlawfully breaking and entering a storehouse on Piedmont Road in that city. On November 21, 1960 he was indicted for that offense by the grand jury of Wayne County and between that date and December 5, 1960 he was removed from the Cabell County jail to the Wayne County jail.
The Judge of the Circuit Court of Wayne County appointed an attorney practicing before the courts in Cabell and Wayne Counties to represent the petitioner and requested the prosecuting attorney of the county to notify the attorney of his appointment. After his appointment the attorney talked with the petitioner for a period of about thirty minutes while he was confined in the Cabell County jail. In the conversation the petitioner frankly admitted that he was guilty of the charge for which he was indicted, that he was on parole at the time of the offense, and that he had been convicted of felonies on at least two occasions in addition to the conviction upon which he had been paroled. Most of the conversation related to the probability that if the petitioner was convicted of the principal offense he would be sentenced to life imprisonment under the habitual criminal statute. The attorney felt that there was no defense to the pending indictment and informed the petitioner that in his opinion his only chance to escape the consequences of the prior convictions would be to plead guilty to the principal offense and to await the possibility that the prosecuting attorney might not charge him with the prior convictions. The attorney subsequently conferred with the arresting and investigating officers who confirmed the petitioner's admission that he *854 had committed the principal offense and the attorney also learned from the prosecuting attorney that the petitioner had signed a confession in which he admitted his guilt.
After the petitioner was removed to the Wayne County jail the attorney again conferred with him for a period of from twenty to forty minutes. He then went with the petitioner to the courtroom where the petitioner was arraigned before the judge of the circuit court and entered a plea of not guilty. A jury was empaneled and testimony was offered by a witness in behalf of the State. During the testimony of the witness the attorney advised the court that the petitioner desired to withdraw his plea of not guilty, which was done, and his plea of guilty was entered. The prosecuting attorney then filed an information which charged the petitioner with three prior felony convictions and invoked the provisions of the habitual criminal statute, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended.
According to recitals in the judgment imposing the sentence of life imprisonment the court inquired of the petitioner, after the information was filed, if he were the same person who was charged in the information of having been convicted and sentenced for the offenses stated in the information and the petitioner, after conferring with his attorney and after being duly cautioned of his rights, acknowledged in open court that he was the same person who had been previously convicted of the three offenses set forth in the information. The court then inquired of the petitioner if he had anything further to say or reason to offer why judgment should not be pronounced against him upon his plea and his acknowledgment that he was the same person mentioned in the information and to that inquiry the petitioner said nothing.
With respect to the foregoing recitals in the judgment it appears from a transcript of the proceedings taken in connection with the entry of the plea of guilty by the defendant and the action of the court upon the information, filed as an exhibit with the petition, that the information charged that the petitioner in 1953 was sentenced by the United States District Court at Chillicothe, Ohio, to confinement for a period of three years in a federal reformatory for the commission of a felony; that the petitioner in 1955 in the State of Indiana was sentenced to confinement of two to five years in the state reformatory for the commission of a felony; and that the petitioner had been convicted in the Circuit Court of Logan County, West Virginia, for the crime of unlawfully breaking and entering and was sentenced to confinement in the West Virginia Penitentiary for a period of one year to ten years. The transcript also shows that in connection with the information the judge of the Circuit Court of Wayne County, without explaining the purpose of the information or his inquiries to the petitioner, merely addressed him as Mr. Beckett and asked him in separate questions if he was the same Franklin Beckett who had been convicted and sentenced for each of the offenses set forth in the information and that after the petitioner had separately made an affirmative answer to each of the questions, the circuit court immediately sentenced the petitioner to be imprisoned during his natural life in the penitentiary of this State and committed him to the custody of the sheriff until he should be taken to that institution.
Before the commencement of this proceeding in this Court the petitioner instituted a habeas corpus proceeding in the District Court of the United States for the Northern District of West Virginia, entitled Beckett v. Boles, the opinion in which is reported in 218 F.Supp. 692. Upon the hearing of that proceeding in June 1963 that court held that the judgment of conviction of the principal offense in the Circuit Court of Wayne County, for which the petitioner was indicted in November 1960 of breaking and entering, was without constitutional infirmity, and denied his petition for a release from that sentence which had not been fully served by the petitioner. The *855 district court stated in the opinion that the question of the validity of the sentence of life imprisonment imposed by reason of the prior convictions was premature and for that reason it was not decided in that proceeding.
The petitioner assigns as grounds to support his petition for a writ of habeas corpus to obtain his release from his present confinement that the sentence of life imprisonment is void because the petitioner was not duly cautioned in connection with the information, as required by Section 19, Article 11, Chapter 61, Code, 1931, as amended, and because the petitioner was denied due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States and Section 10, Article III, of the Constitution of West Virginia, and Section 14, Article III, of the Constitution of West Virginia, with respect to the action of the circuit court upon the information, and because the petitioner was not represented by counsel but was denied his constitutional right to such representation with respect to his three prior convictions. The petitioner also contends that he was not afforded the assistance of competent counsel in connection with his sentence for the principal offense and that as the sentence of life imprisonment is void no valid sentence which justifies the confinement of the petitioner has been imposed upon the petitioner for his commission of the principal offense of breaking and entering the storehouse mentioned in the indictment to which he entered his plea of guilty.
The jurisdiction of a trial court to sentence to further confinement in the penitentiary a person who is convicted of an offense which is punishable by confinement in the penitentiary depends upon and is derived from Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, known as the habitual criminal statute, which were in effect when the sentence of life imprisonment was imposed upon the petitioner. State ex rel. Robb v. Boles, W.Va., 136 S.E.2d 891; State ex rel. Bonnette v. Boles, W.Va., 136 S.E.2d 873; State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E.2d 111; State ex rel. Cox v. Boles, 146 W.Va. 392, 120 S.E.2d 707; Shears v. Adams, 145 W.Va. 250, 114 S.E.2d 585; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; Dye v. Skeen, 135 W.Va. 90, 62 S.E.2d 681, 24 A.L.R.2d 1234. It is also well established that the provisions of Section 19, Article 11, Chapter 61, Code, 1931, as amended, which include the requirement that the defendant, before he acknowledges his identity as the person who has been previously convicted, must be duly cautioned, are mandatory and must be complied with fully for the imposition of a valid sentence of further confinement under the statute. State ex rel. Robb v. Boles, W. Va., 136 S.E.2d 891; State ex rel. Bonnette v. Boles, W.Va., 136 S.E.2d 873; State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E. 2d 111; State ex rel. Mounts v. Boles, 147 W.Va. 152, 126 S.E.2d 393, certiorari denied, 371 U.S. 930, 83 S.Ct. 298, 9 L.Ed.2d 235; State ex rel. Cox v. Boles, 146 W.Va. 392, 120 S.E.2d 707; State ex rel. Yokum v. Adams, 145 W.Va. 450, 114 S.E.2d 892; State ex rel. Housden v. Adams, 143 W.Va. 601, 103 S.E.2d 873; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; Mounts v. Boles, 326 F.2d 186, Fourth Circuit; Spry v. Boles, 299 F.2d 332, Fourth Circuit. In State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E.2d 111, this Court, approving and quoting point 3 of the syllabus in State ex rel. Housden v. Adams, 143 W.Va. 601, 103 S.E.2d 873, held in point 1 of the syllabus that "A person convicted of a felony cannot be sentenced under the habitual criminal statute, Code 61-11-19, unless there is filed by the prosecuting attorney with the court at the same term, and before sentencing, an information as to the prior conviction or convictions and for the purpose of identification the defendant is confronted with the facts charged in the information and cautioned as required by the statute."
Though the judgment order recites that the petitioner was duly cautioned of *856 his rights before he acknowledged that he was the same person who had been previously convicted of the offenses mentioned in the information, it does not indicate the manner in which he was duly cautioned or set forth any sufficient factual information to show that the petitioner was, in fact, duly cautioned. The statement in the judgment order is merely the opinion of the circuit court that the petitioner was duly cautioned and must be regarded as a conclusion instead of a statement of fact and being ambiguous is subject to interpretation in the light of the information disclosed by the transcript of the proceedings which occurred immediately before the sentence of life imprisonment was imposed upon the petitioner. See Cottrell v. State Compensation Commissioner, 145 W.Va. 336, 115 S.E.2d 153; Shears v. Adams, 145 W.Va. 250, 114 S.E.2d 585; Tressler Coal Mining Company v. Klefeld, 125 W.Va. 301, 24 S.E.2d 98; Farmers of Greenbrier County v. The County Court of Greenbrier County, 105 W.Va. 567, 143 S.E. 347. In 49 C.J.S. Judgments § 436b, the text contains this statement: "In case of doubt or ambiguity a judgment may be construed in the light of the entire judgment role or record."
The transcript shows clearly that the judge of the circuit court merely asked the petitioner if he was the same person who had been sentenced for each of the three offenses mentioned in the information and upon receiving an affirmative answer by the petitioner to each question summarily and without any further comment or explanation imposed the sentence of life imprisonment. The facts of this case distinguish it from the decision in State ex rel. Mounts v. Boles, 147 W.Va. 152, 126 S.E.2d 393, certiorari denied, 371 U.S. 930, 83 S.Ct. 298, 9 L.Ed.2d 235, in which this Court held, upon the facts in that case, that the accused had been duly cautioned and the statutory requirements had been satisfied.
The undisputed facts disclosed by the transcript in this proceeding show clearly that the petitioner was not duly cautioned and that the mandatory provision of Section 19 of the habitual criminal statute that he should be duly cautioned was not complied with or satisfied before the sentence of life imprisonment was imposed upon the petitioner. In consequence the circuit court was without jurisdiction to impose the additional sentence of life imprisonment upon the petitioner and that portion of that sentence in excess of a valid sentence of imprisonment for an indeterminate period of one year to ten years, the maximum sentence of imprisonment which the circuit court had jurisdiction to pronounce upon the plea of guilty entered by the petitioner to the indictment against him for breaking and entering, is a void judgment and can not be enforced.
When, as here, it affirmatively appears from the record in the trial of a criminal case on an indictment for a felony punishable by confinement in the penitentiary for a period less than life imprisonment that the trial court entered a judgment imposing a sentence of life imprisonment under the habitual criminal statute, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, but did not fully comply with the provisions of that statute by failing to cause the defendant in such case, when confronted with the charges in the information, to be duly cautioned at the same term of court at which he was convicted of the principal offense charged in the indictment, the added portion of the sentence, in excess of the maximum statutory sentence for such principal offense, is void for the reason that the trial court lacked jurisdiction to impose such additional sentence. State ex rel. Robb v. Boles, W.Va., 136 S.E.2d 891; State ex rel. Bonnette v. Boles, W.Va., 136 S.E.2d 873; State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E.2d 111; State ex rel. Cox v. Boles, 146 W.Va. 392, 120 S.E.2d 707; State ex rel. Yokum v. Adams, 145 W.Va. 450, 114 S.E. 2d 892; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; State ex rel. Medley v. Skeen, 138 W.Va. 409, 76 *857 S.E.2d 146; Dye v. Skeen, 135 W.Va. 90, 62 S.E.2d 681, 24 A.L.R.2d 1234; Ex Parte Evans, 42 W.Va. 242, 24 S.E. 888; Ex Parte Mooney, 26 W.Va. 36, 53 Am.Rep. 59.
A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding. State ex rel. Powers v. Boles, W.Va., 138 S.E.2d 159; State ex rel. Boner v. Boles, W.Va., 137 S.E.2d 418; State ex rel. Robb v. Boles, W.Va., 136 S.E.2d 891; State ex rel. Bonnette v. Boles, W.Va., 136 S.E.2d 873; State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E.2d 111; State ex rel. Cox v. Boles, 146 W.Va. 392, 120 S.E.2d 707; State ex rel. Yokum v. Adams, 145 W.Va. 450, 114 S.E.2d 892; State ex rel. Browning v. Tucker, 142 W. Va. 830, 98 S.E.2d 740; State ex rel. Medley v. Skeen, 138 W.Va. 409, 76 S.E.2d 146; Dye v. Skeen, 135 W.Va. 90, 62 S.E.2d 681, 24 A.L.R.2d 1234; Ex Parte Evans, 42 W.Va. 242, 24 S.E. 888; Ex Parte Mooney, 26 W.Va. 36, 53 Am.Rep. 59.
There is no merit in the contention of the petitioner that he was not afforded the assistance of counsel in connection with his conviction upon his plea of guilty to the principal offense of breaking and entering for which he was indicted in Wayne County in 1960. The validity of that conviction was challenged by the petitioner in the habeas corpus proceeding instituted by him in the United States District Court for the Northern District of West Virginia and in that proceeding the judgment of conviction was held to be valid and "without constitutional infirmity." Beckett v. Boles, 218 F. Supp. 692. As pointed out in the opinion in that case both the petitioner and his attorney knew that the petitioner was guilty of the offense of breaking and entering and had been caught in the actual commission of that offense. They likewise knew that the petitioner had no defense to the indictment for that offense; and after consulting together they voluntarily reached the conclusion that the petitioner should make no defense to that charge. When they appeared in court on December 5, 1960, they did not intend or desire that the petitioner should stand trial upon a plea of not guilty, but instead both of them thought it would be for the best interest of the petitioner to withdraw his plea of not guilty, which he did, as previously indicated, and entered his plea of guilty to the indictment for the principal offense. In that situation it is clear that there is no justification for the contention that the legal representation afforded the petitioner was so inadequate as to warrant the invalidation of his conviction and sentence for the principal offense. Turner v. State of Maryland, 318 F.2d 852, Fourth Circuit; Beckett v. Boles, 218 F.Supp. 692.
The validity of the conviction of the petitioner of the principal offense can not be successfully assailed in this proceeding for the additional reason that the decision of the United States District Court upon that question in the habeas corpus proceeding of Beckett v. Boles, 218 F.Supp. 692, is final and conclusive by virtue of the doctrine of res judicata. The facts involved and the question presented concerning the validity of the conviction of the petitioner of the principal offense in that proceeding are identical with those involved in this proceeding. In that situation the doctrine of res judicata applies and precludes a reconsideration or redetermination of the same matters in a subsequent habeas corpus proceeding. An unreversed judgment which remands the petitioner after a hearing in a habeas corpus proceeding is conclusive upon a subsequent application based upon the same facts. State ex rel. Presty v. Lowe, 103 W.Va. 264, 137 S.E. 219; Ex Parte Mooney, 26 W.Va. 32; Jackson v. Olson, 146 Neb. 885, 22 N.W.2d 124, 165 A.L.R. 932; Williams v. Olson, 145 Neb. 282, 16 N.W.2d 178; 9 Michie's Jurisprudence, Habeas Corpus, Section 24. Section 10, Article 4, Chapter 53, Code, 1931, relating to the effect of a judgment in a habeas corpus proceeding, provides that "Any such judgment entered of record shall be conclusive, unless the same be reversed, *858 except that the petitioner shall not be precluded from bringing the same matter in question in an action for false imprisonment." In State ex rel. Presty v. Lowe, 103 W.Va. 264, 137 S.E. 219, this Court held in point 1 of the syllabus that "A judgment entered of record remanding the petitioner after a hearing upon a writ of habeas corpus, which has not been reversed, is conclusive upon another application. Secs. 9 and 10, Ch. 111, Code, applied." In the opinion in that case this Court used this language: "An order remanding a petitioner to custody in this proceeding is not res adjudicata at common law. Church, supra par. 386. But the common-law doctrine has been changed by statute in this State. Ch. 111, Sec. 9, Code, provides that the judge before whom a hearing is had, upon a writ of habeas corpus, may have his judgment thereon entered of record. Sec. 10 then provides: `Any such judgment entered of record shall be conclusive, unless the same be reversed, except that the petitioner shall not be precluded from bringing the same matter in question in an action for false imprisonment.'"
There is also no merit in the contention of the petitioner that, as the sentence of life imprisonment is invalid, no valid sentence has been imposed upon the petitioner which justifies his detention in the penitentiary of this State until he has served the maximum sentence for the principal offense of breaking and entering. The principle is well established by decisions of this Court that a petitioner in a habeas corpus proceeding, upon whom punishment by imprisonment for an invalid additional period has been improperly imposed under the habitual criminal statute, may be relieved of the void portion of the punishment, but will not be discharged from serving the maximum term provided by statute for the principal offense. State ex rel. Robb v. Boles, W.Va., 136 S.E.2d 891; State ex rel. Bonnette v. Boles, W.Va., 136 S.E.2d 873; State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E.2d 111; State ex rel. Yokum v. Adams, 145 W.Va. 450, 114 S.E.2d 892; State ex rel. Housden v. Adams, 143 W.Va. 601, 103 S.E.2d 873; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; State ex rel. Medley v. Skeen, 138 W.Va. 409, 76 S.E.2d 146; Dye v. Skeen, 135 W. Va. 90, 62 S.E.2d 681, 24 A.L.R.2d 1234; Ex Parte Evans, 42 W.Va. 242, 24 S.E. 888; Ex Parte Mooney, 26 W.Va. 36, 53 Am. Rep. 59.
Inasmuch as the sentence of life imprisonment under the habitual criminal statute is void and unenforceable as to that portion of the sentence in excess of the maximum sentence provided by statute for the principal offense because of noncompliance with the statutory requirement that the accused should be duly cautioned before his acknowledgment that he was the same person who had been previously convicted of the offenses stated in the information, it is unnecessary to consider or determine the effect of the alleged failure of the petitioner to have the assistance of counsel when tried for the offenses of which he has been previously convicted as set forth in the information; and for that reason that question has not been considered and is not passed upon or determined in this proceeding.
As previously indicated the sentence of life imprisonment imposed upon the petitioner, being void as to that portion of the sentence in excess of the maximum sentence provided by statute for the principal offense of which the petitioner has been convicted, can not be enforced and the relief from that portion of the sentence imposed upon the petitioner as prayed for by him is granted; and the petitioner after completely serving the valid portion of his sentence must be released. At this time, however, the petitioner has not served the valid portion of his sentence of one year to ten years and for this reason the writ, which would presently release him from his confinement, is denied and the petitioner is remanded to the custody of the defendant until the petitioner has served the valid portion of his sentence of confinement in the penitentiary of this State.
Writ discharged, prisoner remanded.