ERMA G. CREASY

*v.*

LYLE E. TINCHER, *et al., etc.*

(No. 12857)

Submitted March 3, 1970.     Decided March 31, 1970.

*Campbell, Love, Woodroe & Kizer, Charles E. Barnett,* for appellant.

*Clarence L. Watt, V. K. Knapp, Frank M. Armada,* for appellees.

CAPLAN, JUDGE:

This is an appeal from a judgment of the Circuit Court of Putnam County in an action instituted by the plaintiff, Erma G. Creasy, against the defendants, Lyle E. Tincher, Vesta S. Tincher and Burgess Realty, Inc., to compel specific performance of a real estate purchase agreement entered into between her as purchaser and the Tinchers as the sellers. Burgess Realty, Inc., as broker for the Tinchers, was made a party defendant. By agreement of the parties, Burgess, upon tender and payment into court of the $500.00 earnest money, was dismissed from the case.

The action was tried by the circuit court with an advisory jury. The jury found that the plaintiff was not entitled to specific performance of the purchase agreement and the court, expressing its agreement with the jury's verdict, entered judgment for the defendants. Upon motion of the plaintiff, the court permitted an amendment of the complaint for the purpose of including the description of a certain tract contained in the purchase agreement but which was inadvertently omitted from the original complaint. Permission to amend the complaint a second time, however, was denied. The purpose of the plaintiff on that occasion was to include an interest in minerals under one of the tracts which had been omitted in the first complaint.

On August 9, 1966 the plaintiff entered into an agreement with the Tinchers wherein she agreed to purchase and the Tinchers agreed to sell certain real estate situate in Putnam County, consisting of several tracts aggregating approximately 295 acres. Mrs. Creasy agreed to pay the sum of $30,000.00 for this property upon certain terms set out in the agreement. Paragraph 4 of said agreement, which is most pertinent to the disposition of this case, provides: "This sale shall be completed and all necessary papers executed and delivered within *90 days* from the date of acceptance hereof by Seller, which date is set forth on the reverse side hereof."

The Tinchers accepted the plaintiff's offer by executing the agreement on August 10, 1966. Thereafter, the plaintiff employed an attorney, Walton Shepherd, to examine the title of the subject real estate. As a result of his examination Mrs. Creasy was advised that one half of the minerals under one of the tracts had been acquired by the Tinchers by a tax deed and that some corrective action should be taken to clear any cloud that might be created by such deed. On a later occasion Mr. Shepherd referred to this matter as a "minor" defect in the title.

Mrs. Creasy testified that upon learning of the tax deed she related this matter to Mr. Burgess who indicated that

he would discuss it with the Tinchers' attorney. Mr. Burgess testified that he was unable to contact their attorney during the ninety-day period referred to in the contract. Nothing further was done by the parties and approximately one week prior to the expiration of the ninety-day period Mrs. Creasy requested Mr. Burgess to obtain from his clients an extension of such period in which to close the transaction. She did not personally approach the sellers until the said period had expired.

After the expiration of the ninety-day period Mr. Burgess requested an extension for Mrs. Creasy. The Tinchers answered that they considered the agreement to be terminated, that no extension would be granted and that they were taking their property off the market. Upon their continued refusal to sell, allegedly in accordance with the terms of the purchase agreement, the plaintiff instituted this action for specific performance of said agreement.

The principal error upon which the plaintiff relies is the action of the trial court in ruling that the ninety-day period in which the transaction shall be closed was of the essence of the agreement. The plaintiff further complains that the trial court erred in not permitting her to file a second amended complaint and in finding that the agreement did not include the one-half mineral interest in the thirty-three-acre tract. The defendants take the position that the circumstances surrounding this case clearly reveal that the parties intended the ninety-day period to be of the essence of the agreement, that it was of the essence and that upon the expiration thereof they were under no duty or obligation to perform.

The principal issue to be resolved on this appeal is whether the time for closing the transaction, as provided in paragraph 4 of the agreement, is of the essence of said agreement or whether, in the circumstances of this case, the Tinchers should be required to perform after the expiration of such designated period.

Whether or not time is of the essence of a contract is determined from the language used in the instrument and the

circumstances surrounding it. The principal object is to determine the intent of the parties. 17 AM. JUR. 2d, *Contracts,* Section 332. *Henderson Development Company, Inc. v. United Fuel Gas Company,* 121 W.Va. 284, 3 S.E.2d 217; *Curtis v. Meadows,* 84 W.Va. 94, 99 S.E. 286; *Wetterwald v. Woodall,* 83 W.Va. 647, 98 S.E. 890; *Taylor v. Buffalo Collieries Co.,* 72 W.Va. 353, 79 S.E. 27. See also *W. D. Nelson and Company, Inc. v. Taylor Heights Development Corporation,* 207 Va. 386, 150 S.E.2d 142. Time is often made the essence of a contract and if the parties clearly so intend, by words or by action, it will be so regarded. As stated in Section 333 of the above work, "It is clear therefore that the parties may make time of the essence of their contract by stipulating therein that 'time is of the essence,' although those exact words are not essential. Any words which show that the intention of the parties is that time shall be of the essence of the contract * * * will have that effect." Another succinct statement in the same section reads: "As in other cases of contract construction, the ultimate criterion as to whether time is of the essence of a contract is the intention, actual or apparent of the parties, and before time may be so regarded by a court there must be a sufficient manifestation, either in the contract itself or the surrounding circumstances, of that intention."

The plaintiff, in support of her contention that time was not of the essence, asserts that notice must be given requiring compliance within the specified period. It is the general rule that such notice or demand is not a prerequisite to performance unless such notice or demand is required by the terms of the agreement. When the obligation to perform is complete and unconditional such notice is not required. 17 AM. JUR. 2d, *Contracts,* Section 356. In the instant case no such notice or demand was required under the terms of the contract. Furthermore, the obligation to perform by each of the parties was complete and unconditional. No such notice was required.

Applying the above principles to the instant case we are of the opinion that the time expressed in the agreement in

which the contract shall be consummated is of the essence of the agreement. The language used is clear and unequivocal. It provides that the sale shall be completed within ninety days from the date of acceptance by the seller. As herein noted the contract need not include the words "time is of the essence." In determining this question the general rules of construction are applied. *Garrett v. Patton*, 81 W.Va. 771, 95 S.E. 437. If the language is clear and unambiguous it is to be applied. *Berkeley County Public Service District v. Vitro Corporation of America*, 152 W.Va. 252, 162 S.E.2d 189; *International Nickel Co. v. Commonwealth Gas Corp.*, 152 W.Va. 296, 163 S.E.2d 677; *Lewis v. Dils Motor Co., et al.*, 148 W.Va. 515, 135 S.E.2d 597; *Cotiga Development Company v. United Fuel Gas Company*, 147 W.Va. 484, 128 S.E.2d 626. Here, we believe, the language clearly shows the intention of the parties.

In addition to the clear language of the contract, the circumstances surrounding the transaction show that the parties intended time to be of the essence of the agreement. Mrs. Tincher testified that she and her husband wanted to get this sale consummated promptly and that they thought ninety days in which to do it was too long; that they finally but reluctantly agreed to that time period; and that she attempted to get Mrs. Creasy to close within the specified time. The plaintiff, by requesting an extension of the ninety-day period, very obviously revealed her belief that such time was of the essence of the agreement. Otherwise, why would she bother to seek such extension of time?

The plaintiff, although denying that time was of the essence of the agreement, says that her failure to perform within the ninety-day period was prompted by the refusal of the sellers to offer her a good and marketable title as provided in the agreement. She asserts that she was thereby relieved of any obligation to have acted within the prescribed period. Thus, we are presented with the question of whether the plaintiff, in these circumstances, is entitled to an order requiring the defendants to specifically perform under the agreement.

Pertinent to the resolution of this question is paragraph 8 of the agreement which reads: "Seller will, upon tender of the unpaid balance of the purchase price, convey the said property to purchaser by apt and proper deed, conveying good and marketable fee simple title to the said property * * * and general warranty * * *." This provision makes it incumbent upon the buyer, the plaintiff, to make a tender of the unpaid balance of the purchase price before the seller is obligated to deliver the deed. This she did not do, either during or after the ninety-day period.

Consider the position of the parties. The sellers, under the agreement, had to hold the property for ninety days and were obligated to convey title by deed at any time during that period. There was nothing that they could do within that ninety-day period to compel the plaintiff to purchase the property. The buyer, on the other hand, could take the full ninety-day period in which to make up her mind to purchase and if she tendered the purchase price during that period the seller was bound under the agreement to convey good and marketable title.

If Mrs. Creasy was willing to take this property despite the difficulties in the title concerning the mineral interest under the thirty-three-acre tract, as she testified she was, all she had to do was tender the balance of the down payment and the seller would be compelled to convey the entire tract.

However, the buyer, Mrs. Creasy, did not make any effort to fulfill her obligation during the ninety-day period nor, as revealed by the record, did she make any tender of the purchase price after the expiration of that time period. The buyer did not perform as required by paragraphs 4 and 8 of the agreement and she is not entitled to specific performance by the defendants. This conclusion is not altered by reason of Mrs. Creasy's allegation of a defective title. The defect, if there is one, was referred to by the plaintiff's attorney as "minor." If such defect could not be cured, certainly she could hold the defendants accountable. She was under no obligation to perform, in these circumstances. However, by

reason of her failure to make a tender of the purchase price, neither could she demand performance by the defendants.

In view of the foregoing, the judgment of the Circuit Court of Putnam County is affirmed.

*Affirmed.*