STATE *ex rel.* OSCAR A. HARRISON

*v.*

IRA M. COINER, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12947)

Submitted September 8, 1970.     Decided October 6, 1970.

*Samuel J. Smith,* for appellant.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan,* Assistant Attorney General, for appellee.

CALHOUN, JUDGE:

This case is before this Court on a writ of error to a final judgment of the Circuit Court of Wayne County entered on

July 28, 1969, by which that court denied the relief sought by Oscar A. Harrison in a habeas corpus proceeding.

In the habeas corpus petition filed in the trial court and in the petition for a writ of error filed in this Court by the State of West Virginia at the relation of Oscar A. Harrison, it is alleged that, on November 25, 1947, a grand jury of the Circuit Court of Wayne County returned an indictment which charged Oscar A. Harrison, hereafter referred to in this opinion as the relator, with the offense of murder in the first degree; that he employed J. J. N. Quinlan and Wilbur C. Perry as counsel to represent him at his trial upon the indictment; that these two attorneys represented him at his trial; that, on December 16, 1947, a jury returned a verdict by which he was found guilty of murder in the first degree; and that, on December 31, 1947, pursuant to the jury verdict, the Circuit Court of Wayne County sentenced the relator to confinement in the state penitentiary for the duration of his natural life. The facts thus alleged are undisputed. In the habeas corpus proceeding, the relator seeks to be released from imprisonment in the state penitentiary pursuant to the sentence thus imposed.

As grounds for the relief sought by him, the relator alleges (a) that he was denied effective assistance of counsel, particularly because of the failure of the two attorneys employed by him to prosecute an appeal to this Court; and (b) that he was improperly denied a transcript of the proceedings of the trial which resulted in his conviction and consequent imprisonment.

On May 12, 1969, the relator appeared in the trial court in person and by his court-appointed counsel, Samuel J. Smith. The prosecuting attorney of Wayne County appeared in behalf of the respondent warden. Thereupon a hearing was had pursuant to the prayer of the habeas corpus petition, which petition, by permission of the court, was then amended to include the allegation that the constitutional rights of the relator were violated by denial of his request for a transcript of the proceedings of the trial on the murder indictment.

In connection with the habeas corpus hearing, various exhibits were filed in behalf of the relator. The record discloses that the trial court had before it copies of proceedings held in 1967 in the United States District Court for the Northern District of West Virginia, as a consequence of which proceedings the relator in this case was denied relief in a habeas corpus proceeding instituted by him in that court.

Attorney J. J. N. Quinlan testified in behalf of the relator and the relator testified as a witness in his own behalf in the trial court at the habeas corpus hearing involved in this appeal. Wilbur C. Perry, the other attorney who represented the relator at his trial, was deceased at the time the hearing was held.

Mr. Quinlan testified that he had destroyed his file in connection with the murder trial which took place more than twenty years prior to the date he was called as a witness and that his recollection of the facts and circumstances pertaining to the trial was very indistinct. The judgment order entered by the trial court in the murder case on December 31, 1947, discloses that, upon a motion of counsel for the relator, the trial court granted a stay of execution of the sentence for a period of sixty days "from the rising of" the court in order to enable the relator to apply to this Court for a writ of error and supersedeas. Mr. Quinlan testified that he had no independent recollection in relation to the making and the granting of that motion; that it was his uniform custom and practice to make such a motion as a matter of course in all situations of that character; and that he was certain the "custom was carried out in this case."

When asked whether he and Mr. Perry were employed and paid merely for services in the trial of the case or whether the employment and compensation also contemplated appellate procedure, Mr. Quinlan stated: "I would say that, in my experience, I have never taken a case in which I have contracted to do more than try the case in the Circuit Court or the Common Pleas Court and I could see no reason for me to make an exception in this case." When asked whether he recalled ever having accepted employment in a criminal case

for a specified fee which was intended to include services in prosecuting an appeal, Mr. Quinlan replied: "No, sir, except in a personal injury damage case of a civil nature I will charge a certain percentage for trial in the Circuit Court and a certain additional percentage if it goes to the Supreme Court. That is my contract and I don't believe that I ever took a case in which I told the man or the woman who was the defendant in a criminal case, 'I will charge you so much for the trial in the Circuit Court and I will take care of everything up to the Supreme Court.' I wouldn't be able to do it." Mr. Quinlan's recollection was that both he and Mr. Perry agreed that the trial involved no reversible error which would have warranted an appeal to this Court.

At the habeas corpus hearing in the trial court, Oscar A. Harrison, the relator, testified that he paid Mr. Quinlan and Mr. Perry an attorney fee of $3,000 for which they agreed to represent him at his trial and also in prosecuting an appeal to this Court. He testified that he desired an appeal but that he did not see or have any communication with either of his two attorneys, in relation to an appeal or otherwise, after his conversations with them in court on the day the motion for a new trial was denied, sentence was imposed and the stay of execution of sentence was granted.

An order of the Circuit Court of Wayne County, made an exhibit as a part of the testimony of the relator at the habeas corpus hearing, discloses that, on March 10, 1958, the relator filed in the office of the clerk of that court an affidavit and a motion by which he requested that the court furnish to him a transcript of the proceedings of his trial pursuant to the provisions of Code, 1931, 51-7-7, as amended, which provides for furnishing such a transcript at public expense to an indigent person "for use in seeking his appeal or writ of error." The court order proceeds to recite "that the statutory period has expired in which the said Oscar A. Harrison could apply to the Supreme Court of Appeals of this State for an appeal or writ of error and that therefore the affidavit and motion should be denied." The record does not disclose that any request for a transcript was made by or in behalf of the relator to the trial court or to the clerk thereof at any time prior

to March 10, 1958. This, of course, occurred more than ten years after the entry of the final judgment order by which the relator was sentenced to the state penitentiary.

An order entered by the Circuit Court of Wayne County on September 19, 1964, recites that Oscar A. Harrison, the relator, filed with the court a petition by which he again requested that he be furnished a transcript of the proceedings of his murder trial. By that order the trial court directed the court reporter to prepare such a transcript and to furnish it to the relator pursuant to the prayer of his petition and that the cost thereof be paid by the Auditor of the State of West Virginia. The transcript was prepared and transmitted to the relator at some subsequent time in 1964.

At the habeas corpus hearing in the circuit court, the relator testified that theretofore he had filed habeas corpus proceedings in various courts, including the one previously referred to in 1967 before Judge Robert E. Maxwell in the United States District Court for the Northern District of West Virginia; that he had "several hearings" in the same court at Fairmont before the former judge, Honorable Harry E. Watkins; that he filed a petition in the Supreme Court of the United States in 1960 based on the denial of a transcript of the proceedings of his trial; and that he filed a petition in habeas corpus in this Court, pursuant to the provisions of Code, 1931, 53-4-1, which was "flatly refused." He testified that the grounds upon which his 1967 habeas corpus petition was based in the United States District Court for the Northern District of West Virginia, designated as Civil Action No. 700-E, were the same as those asserted in the habeas corpus proceeding involved in the instant case, including the grounds of ineffective assistance of counsel who represented him at his trial upon the charge of murder and denial of "a free transcript of the trial."

The 1967 habeas corpus proceeding previously referred to was heard in the United States District Court for the Northern District of West Virginia at Elkins, Honorable Robert E. Maxwell presiding. The relator was then represented by Attorney Bonn Brown of Elkins, who was appointed by the court

for that purpose. Copies of these habeas corpus proceedings were before the Circuit Court of Wayne County in connection with the habeas corpus proceeding which is before the Court on this appeal.

On an appeal to the United States Court of Appeals for the Fourth Circuit, the judgment of the United States District Court for the Northern District of West Virginia, which denied relief sought by the relator in the habeas corpus proceeding, was affirmed. A petition for a writ of certiorari to the judgment of the federal court of appeals was denied by the Supreme Court of the United States on April 22, 1968. 390 U.S. 1035.

At the habeas corpus hearing in the Circuit Court of Wayne County, counsel for the respondent warden moved the court to dismiss the habeas corpus petition on the ground that all matters involved in the proceeding had been adjudicated previously in state and federal courts. The motion was overruled by the trial court.

In this Court, there has been filed in behalf of the respondent warden a motion in writing to dismiss the writ of error on the ground that it was improvidently awarded. The motion is based on the assertion that all matters involved in the case in this Court were fully and finally adjudicated in the 1967 federal court habeas corpus proceedings to which we have referred previously. Attached to the written motion as exhibits and made a part of the motion are duly authenticated copies of pleadings and other portions of the record of the proceedings in the federal district court, the court of appeals and in the Supreme Court of the United States. In an answer filed in this Court to the respondent's written motion to dismiss the writ of error, the relator admits the validity and genuineness of the exhibits filed with the written motion to dismiss.

The exhibits filed with and made a part of the motion in this Court to dismiss the writ of error include a copy of the relator's habeas corpus petition to the United States District Court for the Northern District of West Virginia; a copy of

an amended habeas corpus petition subsequently filed in behalf of the relator by counsel appointed by the court to represent him in that proceeding; a copy of the memorandum opinion of the court setting forth reasons for denial of the relief sought; a copy of a memorandum decision of the United States Court of Appeals for the Fourth Circuit stating reasons for denial of an appeal from the judgment of the federal district court; and a copy of a letter dated April 22, 1968, from the office of the Clerk of the Supreme Court of the United States stating that the relator's petition for a writ of certiorari had been denied. See 390 U.S. 1035.

The Circuit Court of Wayne County prepared a written opinion which states at considerable length the court's reasons for denial of all relief sought by the relator in the habeas corpus proceeding. The opinion was included in and made a part of the final judgment order. In these circumstances, this Court is authorized to consider the written opinion for the purpose of determining the ground or grounds upon which the final judgment of the trial court was based. *Moore, Kelly & Reddish, Inc. v. Shannondale, Inc.,* 152 W.Va. 549, pt. 1 syl., 165 S.E.2d 113.

In its opinion and order, the trial court found that the relator's allegation of ineffective assistance of counsel was not sustained by the evidence bearing upon that issue. In relation to the allegation that the relator had been denied a transcript of the proceedings of his trial upon the murder indictment, the trial court stated in its opinion and order:

> "* * * I must take cognizance of the fact, as has been taken before on this point, that the defendant was convicted in 1947 and he waited until 1958 before he requested a transcript; that so far as the file discloses, he requested it for the purpose of appeal and then it was denied by order. * * * the evidence on this point is insufficient to warrant this Court in ordering release of the defendant on his writ of habeas corpus."

In relation to the allegation of denial of effective assistance of counsel, the trial court found and stated in its opinion and order:

"This Court feels that the allegation of ineffectual counsel has not been proved; that there was not sufficient proof to sustain this allegation. * * * that the fee charged was a fee for the actual defense of the case on the primary trial before a jury here in Wayne County."

The trial court stated further in its opinion and order that the matters involved had previously been adjudicated, particularly in the 1967 federal court habeas corpus proceeding. By that order, the trial court directed that a transcript of the habeas corpus proceedings be prepared and furnished to the relator as an indigent person for the purpose of prosecuting the appeal to this Court.

We are of the opinion that the trial court was justified in its factual determination and adjudication that the relator was not denied effective assistance of counsel by reason of their failure to prosecute an appeal from the final judgment by which the relator was convicted and sentenced upon the charge of murder, and that the record fails to disclose that a request was made by or on behalf of the relator for a transcript of the proceedings of the murder trial until 1958, approximately ten years after the period for appeal had expired. This Court has uniformly held that findings of fact made by a trial court, sitting without a jury or in lieu of a jury, will not be reversed or set aside on appeal unless such findings are clearly wrong. *Samsell v. State Line Development Company,* 154 W.Va. 48, pt. 2 syl., 174 S.E.2d 318; *Creasy v. Tincher,* 154 W.Va. 18, pt. 3 syl., 173 S.E.2d 332; *In Re: Estate of Paul S. Thacker,* 152 W.Va. 455, pt. 2 syl., 164 S.E.2d 301; *Lewis v. Dils Motor Company,* 148 W.Va. 515, pt. 2 syl., 135 S.E.2d 597.

Furthermore, the relator alleged the same ground, ineffective assistance of counsel because of their failure to prosecute an appeal, in the 1967 habeas corpus proceeding in the United States District Court to which we have referred previously. The memorandum opinion of Judge Maxwell in that proceeding contains the following language:

"Although this is, as best the Court can determine, at least the twentieth judicial consideration of habeas

corpus claims raised by Petitioner, it is the first occasion on which Petitioner has specifically sought relief based on an alleged denial of his right to appeal because of his attorneys' inaction.

\* \* \*

"\* \* \* The testimony of the Petitioner has been shown to be so lacking in credibility that the testimony alone, though uncontradicted by Respondent, is insufficient evidence upon which to grant relief. This conclusion is the product of the Court's observation of the demeanor of the Petitioner while testifying, the reliability of Petitioner's other claims when weighed against conflicting testimony and circumstances and the improbability inherent in the circumstances which would entitle Petitioner to relief."

In the federal court habeas corpus proceeding heard by Judge Maxwell, Attorney Quinlan submitted an affidavit which was similar in tenor and effect to his testimony in the habeas corpus proceeding in the Circuit Court of Wayne County. For the proposition that a trier of fact is not required to give credence to uncontradicted testimony, Judge Maxwell referred to and quoted from the opinion in *Quock Ting v. United States*, 140 U.S. 417, 420-21. Prior decisions of this Court are substantially to the same effect. *Smith v. Edward M. Rude Carrier Corp.*, 151 W.Va. 322, 332, 151 S.E.2d 738, 744; *Lusher v. Sparks*, 146 W.Va. 795, 808-09, 122 S.E. 2d 609, 617; *Raines v. Faulkner*, 131 W.Va. 10, 17-18, 48 S.E.2d 393, 398; *Watson v. Burley*, 105 W.Va. 416, pt. 1 syl., 143 S.E. 95.

In the memorandum decision of the United States Court of Appeals for the Fourth Circuit, that court stated that this relator "has been heard by this court and by state courts several times on habeas corpus proceedings." In referring to the statement of Judge Maxwell that the relator's testimony was not worthy of credence, even if it were wholly uncontradicted, the appellate court, in its memorandum decision, stated: "In denying relief, the District Court refused to accept the evidence of the petitioner supporting his contention. Again, we agree with the District Court for the reasons set forth in its opinion."

"A decision of the United States District Court is final and conclusive in a habeas corpus proceeding in a state court by virtue of the doctrine of res judicata, when such decision involved identical parties and determined identical questions." *State ex rel. Cephus v. Boles*, 149 W.Va. 537, pt. 2 syl., 142 S.E.2d 463. Following is a quotation of the sixth point of the syllabus of *State ex rel. Beckett v. Boles*, 149 W.Va. 112, 138 S.E.2d 851: "An unreversed judgment which remands the petitioner after a hearing in a habeas corpus proceeding is conclusive upon a subsequent application based upon the same facts."

This case doubtless demonstrates, to some extent at least, the reason for the crowded dockets of both state and federal trial courts and appellate courts throughout the land. Habeas corpus proceedings are civil proceedings. The post-conviction habeas corpus procedure provided for by Chapter 85, Acts of the Legislature, Regular Session, 1967, is expressly stated therein to be "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." See Code, 1931, 53-4A-1(a), as amended. Admittedly habeas corpus proceedings such as this differ from other types of civil proceedings in that habeas corpus proceedings generally involve imprisonment and personal freedom. A general rule applicable to other types of civil proceedings is that an adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive not only as to the matters actually determined but also as to every other matter which the parties might have litigated as an incident thereto, though not actually litigated and adjudicated. *Re: Settlement of the Estate of Frederick F. McIntosh, Sr.*, 144 W.Va. 583, pt. 1 syl., 109 S.E.2d 153; *In Re: The Estate of Amanda Nicholas*, 144 W.Va. 116, pt. 1 syl., 107 S.E.2d 53. Perhaps in time, by statutory enactment or by appellate court decision, there may be devised some means of curtailing the seemingly endless succession of habeas corpus proceedings a prisoner may maintain, generally at public expense, with the consequent great burden imposed upon courts and upon members of the bar who are appointed by courts to represent indigent prisoners in such proceedings.

The record discloses clearly that no timely application was made by or in behalf of the relator for a transcript of the proceedings of his criminal trial for appellate purposes. We note, however, that such a transcript was furnished to the relator prior to the time of the 1967 habeas corpus proceeding in the United States District Court and long before the commencement of the habeas corpus proceedings involved in the instant case in this Court.

The prior habeas corpus proceeding in the United States District Court for the Northern District of West Virginia does not deprive this Court of its appellate jurisdiction in his case and, therefore, the motion to dismiss the writ of error as having been improvidently awarded is overruled.

For reasons stated in this opinion, the judgment of the Circuit Court of Wayne County is affirmed.

*Affirmed.*