# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Naomi June Hutchinson,**
**Plaintiff Below, Petitioner,**

**vs.)  No. 18-0644** (Nicholas County 16-C-69)

**Shirley L. Gilles,**
**Defendant Below, Respondent**


# MEMORANDUM DECISION


Petitioner Naomi June Hutchinson, by counsel Thomas K. Fast, appeals the Circuit Court of Nicholas County's June 15, 2018, order granting, in part, her motion for summary judgment. Respondent Shirley L. Gilles made no appearance before the Court. On appeal, petitioner argues that the circuit court erred in failing to order specific performance of the terms of a contract between the parties and, instead, ordering respondent to repay the loan amount specified in the contract, in addition to costs and interest.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2016, petitioner filed a complaint against respondent for breach of contract. According to the complaint, the parties entered into a contract in April of 2015 whereby petitioner would loan respondent $1,365.02 in order for respondent to redeem certain parcels of land that had been sold at a tax auction. Per the contract, if respondent did not repay the loan by June 30, 2015, she would deed the subject property to petitioner by July 15, 2015. It is undisputed that respondent did not repay the loan in the timeframe provided. However, respondent filed an answer to petitioner's complaint in which she asserted as an affirmative defense that petitioner rejected a payment of $1,365.02 on or about August 22, 2015, because petitioner "preferred to be paid by certified check rather than cash." Thereafter, petitioner moved for summary judgment, and respondent did not file a response. The circuit court, however, instructed petitioner to "submit a memorandum in regard to what, if any, effect an offer of payment made after a contractual deadline has on these proceedings."

1

Ultimately, the circuit court granted summary judgment for petitioner, but refused to require respondent to deed the subject property to petitioner. Instead, the circuit court found that the contract at issue "contains an unenforceable penalty" due to the fact that petitioner's damages are certain, yet the contract required respondent to deed petitioner approximately $50,000 worth of land due to her failure to repay the loan amount—a penalty that "is more than [thirty-five] times the value of the actual damages" to petitioner. Because the parties agreed that a loan was made and never paid back, the circuit court found there was no remaining question of material fact and entered an order directing that respondent pay petitioner damages in the amount of $1,365.02, plus court costs and post-judgment interest at a rate of four-and-a-half percent. It is from this order that petitioner appeals.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Further, in regard to contracts, we note that petitioner is correct that, generally, this Court has found that

> "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syllabus Point 1, *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962).

Syl. Pt. 1, *Wellington Power Corp. v. CNA Sur. Corp.*, 217 W. Va. 33, 614 S.E.2d 680 (2005). Indeed, "[t]his State's public policy favors freedom of contract which is the precept that a contract shall be enforced except when it violates a principle of even greater importance to the general public." *Id.* at 35, 217 S.E.2d at 682, syl. pt. 3. However, petitioner fails to acknowledge that "[f]orfeitures are not favored by equity. They are heavy and harsh and will not be declared or enforced unless justice clearly demands it." *Hill v. Vencill*, 90 W. Va. 136, 144, 111 S.E. 478, 481 (1922) (citations omitted); *see also* syl. pt. 8, *Quicken Loans, Inc. v. Brown*, 230 W. Va. 306, 737 S.E.2d 640 (2012) ("Equity will not enforce a forfeiture.") (citations omitted). As this Court has explained, "[t]he term 'forfeiture' is defined . . . as '[t]he loss of a right, a privilege, or property because of a crime, *breach of obligation*, or neglect of duty.'" *Id.* at 328, 737 S.E.2d at 662 (quoting Black's Law Dictionary 661 (7th ed.1999)) (emphasis added). Additionally, "[p]rovisions of a contract, effecting a forfeiture or exacting a penalty, are strictly construed against the party for whose benefit they were incorporated in the instrument." *Wellington*, 217 W. Va. at 41, 614 S.E.2d at 688 (citation omitted). With these principles in mind, we turn to the specifics of the matter on appeal.

Here, petitioner contends that she is entitled to the subject property because of respondent's breach of her contractual obligation and demands the equitable remedy of specific performance. We find, however, that not only does equity not support respondent's forfeiture of the property, but that petitioner's interpretation of the contract mischaracterizes the plain terms contained therein. The explicit language of the contract clearly and unambiguously provided that petitioner would loan respondent $1,365.02 and respondent would be required to repay that loan by June 30, 2015. The fact that the contract also contained an additional clause penalizing respondent for a breach of these terms in the form of the deeding of the subject property to petitioner does not transform this loan agreement into a contract for property, as petitioner argues on appeal. In her

2

brief, petitioner urges this court to apply the following law as determinative of the matter:

> Where a contract respecting real property is, in its nature and circumstances, unobjectionable, it is as much a matter of course for courts of equity to decree a specific performance of it as it is for a court of law to give damages for the breach of it. And generally courts of equity will decree a specific performance when the contract is in writing and is certain and is fair in all its parts, and is for an adequate consideration and is capable of being performed, but not otherwise.

Syl. Pt. 3, *Abbott v. L'Hommedieu*, 10 W. Va. 677 (1877). While *Abbott* concerns a contract for the sale of real property, petitioner fails to recognize that the contract at issue here is simply for a loan between the parties. In ruling on petitioner's motion for summary judgment, the circuit court identified the clause regarding the transfer of property in the event of a breach and correctly ruled that "it contains an unenforceable penalty." We agree.

On appeal, petitioner argues that the circuit court's finding in this regard is erroneous[1] because it failed to recognize that "but for the graces of the [petitioner] in loaning the [respondent] the money in the first place, the [respondent] would have forever lost her property to the hands of the tax lien purchaser." As such, petitioner asserts that requiring respondent to deed her the property results in a situation in which respondent "would be no worse off than she would have been had she lost her property" at auction. Based on this reasoning, petitioner argues that "[i]t matters not what the assessed value of the property is" because "[i]t is not a penalty when the breaching party is no worse off than she would have been without the agreement." This is not an accurate summation of the equitable principles at issue here, however, and we find that petitioner's argument is without merit. In short, petitioner seeks the specific performance of an unenforceable penalty clause that would result in her obtaining property valued at over thirty-five times her actual damages. Such forfeiture here is unenforceable, especially in light of the fact that respondent sought to satisfy her responsibility under the contract by reimbursing the money owed, albeit approximately seven weeks beyond the timeframe specified by the parties.

As noted above, the circuit court directed petitioner to file an additional memorandum regarding respondent's tender of the money due under the contract. While petitioner's memorandum concluded that this attempt had no effect on the outcome of the proceedings, we disagree. In that memorandum, petitioner argued that, although the contract did not explicitly state that time was of the essence, "the intention of the parties could not be more clear." Citing the

---

[1]Specifically, petitioner argues that "[t]he [c]ircuit [c]ourt erred in imputing a theory of law, liquidated damages, that was neither contained in the written agreement, nor sought in the complaint." While it is true that the circuit court based its decision on the theory of liquidated damages, we note that "'[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.'" *Old Republic Ins. Co. v. O'Neal*, 237 W. Va. 512, 525, 788 S.E.2d 40, 53 (2016) (citations omitted). Accordingly, given the Court's analysis as set forth above, it is unnecessary to resolve the question of whether the circuit court's application of the theory of liquidated damages was appropriate and we decline to do so.

3

language that she was "to be paid in full . . . by June 30, 2015," petitioner concluded that the parties obviously agreed that time was of the essence. We note, however, that "[i]f the parties would make time of the essence, they should so stipulate in the contract." Syl. Pt. 1, in part, *Malone v. Schaffer*, 178 W. Va. 637, 363 S.E.2d 523 (1987). Further,

> "[i]f the parties also provide that time is of the essence, in those or equivalent words, they effectively agree that a breach of that promise is material or, in other words, that timely performance is in effect an express condition precedent to the promisee's duty to render the counterperformance under the contract."

*Waddy v. Riggleman*, 216 W. Va. 250, 265, 606 S.E.2d 222, 237 (2004) (quoting 15 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 46:3, at 399-400 (4th ed. 2004)). The record is clear that the parties did not include language in their contract that time was of the essence, or any equivalent language. Further, while it is true that "[i]n determining whether time is of the essence of a contract the intention of the parties is the paramount consideration and such intention may be manifested either by the language of the contract or by the actions of the parties," we disagree with petitioner's assertion that the parties' intention was clear. Syl. Pt. 2, *Creasy v. Tincher*, 154 W. Va. 18, 173 S.E.2d 332 (1970). On the contrary, petitioner has failed to show how performance within the timeframe set forth in the contract was in any way material, beyond her assertion that it gave rise to her right to have the property at issue deeded to her. Accordingly, the circuit court was correct in finding that there was no remaining question of material fact, given that petitioner's damages were evident from the terms of the agreement. *See* Syl. Pt. 1, *Payne's Hardware & Bldg. Supply, Inc. v. Apple Valley Trading Co. of W. Va.*, 200 W. Va. 685, 490 S.E.2d 772 (1997) ("A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.") (citation omitted). As such, under the limited facts of this specific case, we find no error in the circuit court's ruling below.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Margaret L. Workman

4