## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brian Parks,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0458** (Kanawha County 16-F-151)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian Parks, by counsel Robert Dunlap, appeals the April 16, 2019, order of the Circuit Court of Kanawha County, denying his petition for a writ of habeas corpus. The State of West Virginia, by counsel Mary Beth Niday, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter stems from a violent attack that occurred at Renaissance Circle in Charleston, West Virginia, on September 23, 2015. The Charleston Police Department responded to a report from the tenant residing in an eighth-floor apartment located at Renaissance Circle, who advised of a disturbance in an apartment located on the floor above her apartment. The tenant stated that she heard loud noises that sounded like fighting from upstairs. Soon after, she heard knocking at her eighth story window. When she went to the window, she saw a man dangling from the building, yelling for her to let him in. Before the tenant could pull the victim, Bryson Ward, through the window, he fell to his death. When the responding officers arrived at the scene, Mr. Ward was found lying on the ground outside of the building. After entering the ninth-floor apartment, the responding officers observed a puddle of blood in the kitchen, a hole in the wall, and multiple bloody handprints.

Petitioner Brian Parks was later indicted on charges of first-degree robbery and felony-

1

murder arising from this incident. According to the indictment, petitioner[1] entered the apartment where Mr. Ward was known to be staying, physically assaulted Mr. Ward, and robbed him of money and drugs. The indictment further stated that, during the robbery, Mr. Ward jumped out of a ninth-story window, and subsequently died as a result of his injuries.

On May 6, 2016, petitioner entered a guilty plea to the felony offense of first-degree robbery pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure. During the plea hearing, the circuit court engaged petitioner in a colloquy to determine whether his guilty plea was "freely, intelligently, and voluntarily entered into." Petitioner provided the following factual basis for the plea: he assisted his co-defendants in entering the victim's apartment, beating the victim, and taking money and drugs from the victim's apartment.

On May 25, 2016, after petitioner entered his guilty plea, but one day prior to his sentencing, petitioner filed a motion to withdraw his plea pursuant to Rule 32(e) of the West Virginia Rules of Criminal Procedure. On May 26, 2016, the circuit court denied petitioner's motion and proceeded to sentence him to a determinate term of fifty years in prison in accordance with the plea agreement.

Petitioner, with the assistance of counsel, filed a notice of appeal on June 22, 2016, and timely perfected that appeal. The sole issue raised in that appeal was the circuit court's denial of petitioner's motion to withdraw his guilty plea. In affirming the circuit court's ruling, we found:

> [P]etitioner based his motion, in part, upon his alleged innocence, claiming he had a "potential defense" to the crime charged. However, upon a review of the record, this Court finds that the circuit court did not abuse its discretion in this matter. The record in this proceeding supports the circuit court's order denying petitioner's motion. Contrary to petitioner's argument that he had a potential defense to the first-degree robbery, petitioner admitted in his plea colloquy that he participated in the robbery. Further, petitioner offered no additional evidence in support of his innocence or his motion. The circuit court advised petitioner that he must articulate a fair and just reason in order for it to consider his motion to withdraw. However, it is clear from the record that petitioner chose not to testify and failed to articulate any further basis for his motion. Accordingly, the circuit court correctly found that, absent some additional evidence, petitioner made a fully-informed decision to plead guilty. Therefore, petitioner failed to provide a fair and just reason for his plea to be withdrawn.

*State v. Parks*, No. 16-0595, 2017 WL 2608433, at *2 (W. Va. June 16, 2017) (memorandum decision).

On August 8, 2017, petitioner filed a pro se motion for a Rule 35(b) reduction of sentence and motion for stay and abeyance, and the Court denied the motions on September 12, 2017. On

---

[1] In addition to petitioner, three co-defendants were also charged in connection with this crime. The co-defendants entered guilty pleas and received sentences that the State considered to be reflective of their level of involvement.

November 13, 2017, petitioner filed a pro se petition for a writ of habeas corpus and, on October 1, 2018, filed an amended petition for habeas corpus relief. On January 10, 2019, the circuit court held an omnibus hearing on the amended habeas petition, where petitioner appeared via video-conference, despite his counsel's request that he appear in person. By order entered on April 26, 2019, the circuit court denied petitioner's request for habeas relief.

Petitioner appeals the lower court's denial of the amended petition for habeas corpus relief, asserting five assignments of error. Specifically, he alleges that the circuit court erred: (1) by requiring him to appear via video-conference and precluding him from attending the omnibus hearing in person; (2) by failing to find that he received ineffective assistance of counsel; (3) by refusing to allow him to withdraw his guilty plea in the underlying criminal case; (4) by failing to find that the indictment was defective; and (5) by failing to find that he received an excessive sentence. We will address each of these assignments of error in turn.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

First, petitioner claims that the circuit court erred when it failed to allow him to attend the omnibus hearing in person. This Court has long held that habeas corpus proceedings are "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." *State ex rel. Harrison v. Coiner,* 154 W. Va. 467, 476, 176 S.E.2d 677, 682 (1970). Even if it were a criminal matter, video appearances for inmates are expressly allowed by statute. *See* W. Va. Code § 25-1A-5. Despite his argument to the contrary, petitioner was able to meaningfully participate in the omnibus hearing as he was able to see and hear the witnesses, counsel, and the circuit judge. Moreover, although petitioner argues that his appearance by video-conferencing precluded him from offering crime scene photos, he does not explain how these photos were in any way relevant to his claims. As the habeas corpus proceeding was a civil proceeding, and petitioner was able to meaningfully participate in the omnibus evidentiary hearing via video-conference, we conclude that the circuit court did not err when it refused petitioner's request to appear in person.

Next, despite numerous references in the record noting petitioner's satisfaction with counsel, he alleges that he received ineffective assistance of trial counsel. Petitioner alleges that trial counsel failed to fully explain the terms of the plea agreement, failed to file a motion for

reconsideration, failed to challenge the language of the indictment regarding intent,[2] failed to challenge the sufficiency of the indictment prior to the entry of his guilty plea, and failed to request an investigator. With regard to petitioner's ineffective assistance of counsel claims, we have held:

> 3.     "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).
>
> . . . .
>
> 6.     In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pts. 3 and 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary,* 207 W. Va. 11, 528 S.E.2d 207 (1999). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (quoting *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)). Importantly, hindsight is not to be applied to the objective standard:

> "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Raines v. Ballard*, 236 W. Va. 588, 782 S.E.2d 775 (2016).

> Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.

Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974).

---

[2] Inasmuch as we conclude that the circuit court did not err in finding that the indictment was not defective, we decline to address petitioner's ineffective assistance claims with regard to his indictment. *See* discussion *infra*.

Here, the circuit court found that trial counsel was not ineffective. First, the court made detailed findings of fact as to trial counsel's explanation to petitioner of the terms of the plea agreement. Further, the circuit court found that "[p]etitioner's claims are refuted by the careful taking of the original plea" and "[t]he plea colloquy amply demonstrates that the plea was knowing, voluntary and understanding." As to petitioner's claim that his counsel was ineffective because he did not hire a private investigator, the circuit court relied upon the testimony of counsel that he did not hire an independent investigator because his office employs in-house investigators. Finally, as to petitioner's contention that his counsel was ineffective because he failed to file a motion to reduce the sentence, the circuit court found that "[c]ounsel cannot have been ineffective for failing to file a motion to "reconsider" [p]etitioner's sentence." Although Rule 35 of the West Virginia Rules of Criminal Procedure allows for a petitioner to move to reduce a sentence, "[i]t would have been inappropriate for counsel to move to reduce petitioner's sentence" because petitioner's plea was binding under Rule 11 of the West Virginia Rules of Criminal Procedure. Based upon all of the above, we find that the circuit court did not err in denying petitioner's ineffective assistance of counsel claims.

Next, petitioner argues that the circuit court abused its discretion in denying petitioner's motion to withdraw his guilty plea. We need not address this argument as that issue was previously adjudicated by this Court in a prior appeal. *See Parks*, 2017 WL 2608433. As the circuit court correctly noted, that issue may not be readdressed in this proceeding as it is barred by the law of the case doctrine. Syl. Pt. 1, *Mullins v. Green*, 145 W. Va. 469, 115 S.E.2d 320 (1960).

Petitioner next argues that the circuit court erred by denying his petition based upon a defective indictment. Specifically, petitioner argued that his indictment was defective because it failed to state a date certain for the offense and lacked the intent requirement for the crime. The circuit court found that the indictment was not defective for either reason because (1) time was not of the essence to the offense[3] and (2) the indictment followed the statutory language. Further, the circuit court found that this issue was not raised on direct appeal and was therefore waived.

Considering the validity of the indictment, this Court has pronounced:

> Generally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syllabus Point 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996). This Court has held that, "An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." Syllabus Point 3, *State v. Hall*, 172 W.Va. 138,

---

[3] W. Va. Code § 62-2-10 provides, in pertinent part, that "[n]o indictment or other accusation shall be quashed or deemed invalid . . . or for omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense . . . ."

304 S.E.2d 43 (1983). In this case, the indictment substantially followed the language of the statutes under which the appellant was charged. Thus, the appellant was informed of the nature of the offenses he allegedly committed, the statutes he allegedly violated, and the manner in which he allegedly violated said statutes.

*State v. David D.W.*, 214 W. Va. 167, 172-73, 588 S.E.2d 156, 161-62 (2003).

Petitioner was charged in the indictment with a violation of W. Va. Code § 61-2-12(a)(1). In essence, that section provides that any person who commits robbery or attempted robbery by violence to the person by striking or beating is guilty of robbery of the first degree. Since petitioner did not assert that time was of the essence for this offense, the lack of a specific date does not invalidate the indictment. Further, as to intent or "animus furandi," this Court has previously rejected such an argument. Specifically, we found:

> "Animus furandi, or the intent to steal or to feloniously deprive the owner permanently of his property, is an essential element in the crime of robbery." Syl. Pt. 2, *State v. Hudson*, 157 W.Va. 939, 206 S.E.2d 415 (1974). Count two alleges that petitioner feloniously committed violence on the victim's person and "then and there feloniously and violently did steal, take[,] and carry away" specified items of his property. Therefore, we conclude that count two of the indictment met minimal constitutional standards and charged an offense under West Virginia law.

*Lind v. Ballard*, No. 16-1033, 2017 WL 4570572, at *6 (W. Va. Oct. 13, 2017) (memorandum decision). Petitioner's indictment charged that he "then and there feloniously and violently did steal, take and carry away" money and property from the victim. This language which is identical to the language of the indictment in *Lind*, and which this Court determined passed constitutional muster. Thus, we find that the circuit court did not err in finding that the indictment was sufficient.

Finally, petitioner argues that the circuit court abused its discretion in denying his petition for habeas corpus relief based on an excessive sentence. The circuit court found that petitioner's plea was binding under the West Virginia Rules of Criminal Procedure and petitioner received exactly the sentence that he bargained for -- fifty years. Further, the court found that petitioner's contention that the sentence was constitutionally disproportionate could have been, but was not, addressed on direct appeal.[4] Notwithstanding petitioner's failure to timely raise this issue, we find that the court sentenced petitioner to the sentence that he agreed upon and, thus, did not err in finding that the sentence imposed was well within the discretion of the court.

---

[4] Petitioner filed a direct appeal and received a decision on the merits. It is well established that the burden rests upon petitioner to rebut the presumption that any ground which could have been asserted on direct appeal, but was not, was knowingly and intelligently waived. *See* Syl. Pt. 1, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972). Here, petitioner failed to rebut the presumption that he intelligently and knowingly waived any argument as to sentencing which he could have advanced on direct appeal.

For the foregoing reasons, we affirm the circuit court's decision to deny the petition for habeas corpus relief.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison