# CHARLESTON.

CHESAPEAKE & OHIO RAILWAY CO. *v.* McDONALD *et al.*

Submitted January 13, 1909.    Decided February 16, 1909.

PROHIBITION—*Judgment—Jurisdiction—Res Judicata.*

> In prohibition a circuit court and this Court have concurrent original jurisdiction; and a final judgment of a circuit court in such case, upon the merits, is a bar to a new proceeding in prohibition for the same cause and between the same parties in this Court, except by writ of error. (p. 202.)

Petition by the Chesapeake & Ohio Railway Company for a writ of prohibition against J. E. McDonald and others.

*Writ Denied.*

SIMMS, ENSLOW, FITZPATRICK & BAKER, for petitioner.

CHAS. AVIS and J. S. MILLER, for respondents.

ROBINSON, JUDGE:

In an action before a justice of the peace of Logan county, a judgment was obtained by J. E. McDonald against the Chesapeake and Ohio Railway Company, for $13.50 and the costs, after appearance of the defendant railway company, issue and trial. No objection to the jurisdiction of the justice was advanced during the pendency and trial of the action, but after the rendition of the judgment the railway company proceeded in prohibition against it, in the circuit court of said county, on the ground that the justice was without jurisdiction as to the cause of action upon which the judgment was based. In that case in prohibition, McDonald, a defendant therein, moved to quash the alternative writ and made answer and return. Upon the motion,

issue joined, submission and hearing, that court rendered judgment, quashing the writ and dismissing the case at the costs of the railway company. Thus there was final judgment as to the right to prohibition of the judgment, upon the grounds assigned in that proceeding.

Thereafter, the railway company presented to one of the judges of this Court its petition, praying a rule in prohibition as to this same judgment, upon the same grounds that were alleged in the former case in the circuit court, but averring that application for a writ of prohibition in the premises had been refused by the circuit court. The rule was awarded. To it McDonald has responded by a plea setting up the former adjudication had in the circuit court as to the right to such writ of prohibition. With this plea, the record of the pleadings and judgment in the former case are introduced.

The plea and record completely negative the right of the railway company to the writ now sought from us. It is shown that the right to prohibit the judgment, upon the grounds alleged, and between the same parties, has been adjudicated and determined fully by a court of competent jurisdiction, concurrent with this Court in such cases. That court had complete jurisdiction of the case, and its judgment therein is final, except by writ of error therefrom to this Court. As to writs of prohibition, the original jurisdiction of the circuit courts and of this Court are concurrent. Constitution, Art. VIII, sections 3 and 12; Code, chap. 112, sec. 2, and chap. 113, sec. 4. Application for the writ may be made in the circuit court, or here, in the first instance, as the relator may desire. It is usual, and indeed a practice to be commended, to apply first to the circuit court for the writ, and, if it is there preliminarily refused upon the petition, then to apply here for the writ. Mere preliminary refusal upon a petition to issue a rule or alternative writ in prohibition is, of course, not final adjudication since the respondent has not been cited nor the case matured and submitted for final judgment. So the allegation that the circuit court of Logan county had refused the writ, in the petition on which a judge of this Court issued the rule herein, was evidently taken to mean that such refusal was the usual preliminary one, and not such final judgment on the whole case as we now find it to be by the response to the rule. The circuit court being of competent juris-

diction in the premises, and it having taken cognizance of and rendered final judgment in the case now presented to us as a court of original jurisdiction, concurrent in such case with that of the circuit court, that final judgment is a bar to the relief sought here by the petition and rule awarded thereon. "A final adjudication of a court of competent jurisdiction upon the merits of a controversy, so long as it remains unreversed, is a bar to any new trial for the same cause of action between the same parties." *Burner* v. *Hevener,* 34 W. Va. 774.

The rule is discharged; the writ prayed for denied.

*Writ Denied.*