STATE *ex rel.* ROBERT LEE CLEVENGER

*v.*

IRA M. COINER, *Warden, West Virginia Penitentiary*

(No. 13184)

Submitted April 18, 1972.          Decided May 16, 1972.

*William M. Kidd,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison, Willard A. Sullivan,* Assistant Attorneys General, for respondent.

BERRY, JUDGE:

This is an original habeas corpus proceeding instituted in this Court on December 13, 1971 by Robert Lee Clevenger, an inmate of the West Virginia State Penitentiary. He alleges in his petition that after his conviction in the Circuit Court of Gilmer County for incest the court reporter failed to provide him with a transcript of the record within eight months of the final judgment as required by Code, 58-5-4, as amended, and, therefore, he was unable to perfect his appeal, which was a violation of his constitutional rights under the Fourteenth Amendment to the Constitution of the United States. The case was submitted for decision of this Court on briefs filed on behalf of the parties on April 18, 1972.

After the jury's verdict of guilty was returned on July 16, 1969 a commitment order in the form required by Code, 62-7-10, as amended, was prepared by the Clerk of the Circuit Court of Gilmer County showing the conviction and sentence date as July 16, 1969 and was recorded in the criminal order book on July 18, 1969.

On September 26, 1969 an order was entered which directed the court reporter to prepare a transcript of the record and deliver it to counsel for the petitioner in order that the petitioner would be able to pursue his appeal as an indigent. This order also contained a history of the case, the verdict of the jury, the defendant's motion to set aside the verdict and to grant a new trial, and the judgment of the court.

On September 30, 1969 counsel for the petitioner filed petitioner's notice of intent to appeal the conviction.

On April 3, 1970 the petitioner filed a petition for a writ of habeas corpus with the Clerk of the Circuit Court of Gilmer County on the same grounds as contained in his

petition filed in this Court. The Circuit Court, by order entered of record on April 6, 1970, denied the writ, stating that the eight-month period for appeal purposes would not expire until May 26, 1970 and that if the transcript was not delivered to petitioner within the eight-month period another petition for a writ of habeas corpus could be filed. Apparently, the Circuit Court was of the opinion that the final judgment was not entered until September 26, 1969. A transcript of the record was supplied to the petitioner on May 16, 1970, although no further action was taken by the petitioner or any person acting in his behalf until the petition for a writ of habeas corpus was filed in this Court.

The attorneys for the parties in this proceeding filed a stipulation which stated that the effective date of the final order sentencing the petitioner, after his conviction for the crime of incest, was July 16, 1969. The state, conceding that the petitioner was not given a transcript of the record within eight months, contends that the petitioner did not file his notice of intent to appeal until September 30, 1969, which was not within sixty days of the final order agreed to in the stipulation as July 16, 1969, required by Code, 58-5-4, as amended. *State v. Legg*, 151 W.Va. 401, 151 S.E.2d 215.

It appears to be the contention of the petitioner that the final judgment in the criminal case was the commitment paper prepared by the clerk. It has been held that the use of this paper for such purpose is not favored by this Court. *State ex rel. Koton v. Coiner*, 155 W.Va. 668, 187 S.E.2d 209, (decided February 29, 1972).

The real authority by which the Warden of the West Virginia State Penitentiary detains a prisoner is the valid final judgment of the trial court in which he was convicted. The commitment papers prepared by the clerk in the form provided for in Code, 62-7-10, as amended, which is transmitted to the Warden, is only evidence of such authority. The commitment paper, which is ordinarily

merely a certified copy of the judgment, is usually considered only evidence of a valid final judgment. *State ex rel. Roberts v. Tucker,* 143 W.Va. 114, 100 S.E.2d 550.

The final judgment of the Circuit Court of Gilmer County in the habeas corpus proceeding was not appealed, and, therefore, such judgment is conclusive upon a subsequent application based upon the same facts. *State ex rel. Presty v. Lowe,* 103 W.Va. 264, 137 S.E. 219; *State ex rel. Beckett v. Boles,* 149 W.Va. 112, 138 S.E.2d 851; *State ex rel. Harrison v. Coiner,* 154 W.Va. 467, 176 S.E.2d 677. See *Chesapeake & O. Ry. Co. v. McDonald,* 65 W.Va. 201, 63 S.E. 968; Code, 53-4A-1 et seq., as amended.

The decision in the case of *State ex rel. Presty v. Lowe, supra,* enunciates this principle, wherein it was held in the syllabus that: "A judgment entered of record remanding the petitioner after a hearing upon a writ of habeas corpus, which has not been reversed, is conclusive upon another application."

It therefore appears that the writ prayed for in the habeas corpus proceeding filed in this Court was improvidently awarded. However, because of the confusion with regard to the various orders entered in connection with the original trial for the criminal offense and the habeas corpus proceeding in the Circuit Court of Gilmer County, the petition is dismissed without prejudice to the petitioner to file another petition in habeas corpus before the Circuit Court of Gilmer County pertaining to such matters.

> *Writ improvidently awarded; petition dismissed without prejudice.*

Judge Harlan M. Calhoun participated in the decision of this case but his resignation was effective before this opinion was announced.