**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

Earl C.,
**Petitioner Below, Petitioner**

**vs.)**     No. 21-0749 (Kanawha County 09-F-147)

Donnie Ames, Superintendent,
**Mt. Olive Correctional Complex,
Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Earl C.[1] appeals the August 19, 2021, order of the Circuit Court of Kanawha County denying his amended petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and William M. Longwell, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2009, petitioner was indicted in the Circuit Court of Kanawha County on six counts of third-degree sexual assault and six counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. According to the indictment, petitioner committed the offenses "within three years prior to the date of the finding of this [i]ndictment." At the time of the offenses,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

petitioner was approximately thirty-eight years old and the victim was approximately twelve years old.

Pursuant to a plea agreement, petitioner pleaded guilty to four counts of third-degree sexual assault and three counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. In exchange, the State dismissed the remaining counts of the indictment. The circuit court entered a sentencing order on December 8, 2009. For petitioner's convictions for third-degree sexual assault, the circuit court sentenced him to four concurrent terms of one to five years of incarceration. For petitioner's convictions for sexual abuse by a parent, guardian, custodian, or person in a position of trust, the circuit court sentenced him to three terms of ten to twenty years of incarceration. The circuit court ran petitioner's first sentence for sexual abuse by a parent, guardian, custodian, or person in a position of trust concurrent to his sentences for third-degree sexual assault. However, the circuit court ran petitioner's remaining two sentences for sexual abuse by a parent, guardian, custodian, or person in a position of trust consecutive to each other and his other sentences. Accordingly, the circuit court imposed an aggregate sentence of thirty to sixty years of incarceration.

Following the entry of the December 8, 2009, sentencing order, the circuit court entered a commitment order on December 23, 2009, signed by the circuit court judge, the circuit court clerk, and a deputy circuit clerk, certifying the circuit court's judgment to the West Virginia Division of Corrections[2] ("DOC") to "serve as the commitment of [petitioner]." Petitioner appealed from his convictions and sentences on January 15, 2010. This Court, by order entered on March 11, 2010, refused the appeal.

Petitioner filed a series of motions for a reduction of sentence. An amended motion for a reduction of sentence was filed by petitioner's counsel on January 10, 2011. The circuit court held a hearing on the amended motion on February 10, 2011. At the hearing, petitioner argued that the circuit court should run all of his sentences concurrent to each other for an aggregate sentence of ten to twenty years of incarceration. The State opposed petitioner's amended motion for a reduction of sentence, noting that, while he admitted that he had sex with the twelve-year-old victim, "he continually tried to blame her." The circuit court did not rule on the amended motion at the hearing and took the matter under advisement.

On April 7, 2011, the circuit court partially granted petitioner's amended motion for a reduction of sentence by entering an amended sentencing order prepared by counsel for the State.[3] The circuit court made no change to the four concurrent one-to-five year sentences for third-degree sexual assault. However, unlike in the original sentencing order, the circuit court ran only one

---

[2]The West Virginia Division of Corrections is now known as the West Virginia Division of Corrections and Rehabilitation. *See* W. Va. Code §§ 15A-3-2(a) and (b).

[3]The circuit court initially entered its amended sentencing order on March 21, 2011. The record does not reveal the reason that the circuit court entered an additional amended sentencing order on April 7, 2011. Based upon our review, the two amended sentencing orders are identical.

(instead of two) of petitioner's three ten-to-twenty year sentences for sexual abuse by a parent, guardian, custodian, or person in a position of trust consecutive to his other sentences. Accordingly, the circuit court reduced petitioner's aggregate sentence from thirty to sixty years of incarceration to twenty to forty years of incarceration and noted petitioner's objection to its partial denial of his amended motion. The circuit court further noted that its amended sentencing order was being entered nunc pro tunc to December 9, 2009, the date of the original sentencing order.

On April 15, 2011, the circuit court entered an amended commitment order that conflicted with its April 7, 2011, amended sentencing order. Notwithstanding the consecutive sentence imposed in the April 7, 2011, amended sentencing order, the circuit court's amended commitment order listed all of petitioner's sentences as being concurrent to each other for an aggregate sentence of ten to twenty years of incarceration. Despite its inconsistency with the April 7, 2011, amended sentencing order, the April 15, 2011, amended commitment order referenced that order's notation that it was being entered nunc pro tunc as authority for petitioner's effective sentence date remaining as December 9, 2009.

Subsequently, petitioner initiated a habeas corpus proceeding in the circuit court, which was given the same case number as petitioner's criminal case. The circuit court appointed habeas counsel who filed an amended habeas petition on petitioner's behalf on March 12, 2021. In his amended petition, petitioner included a claim that he had already discharged his aggregate sentence of incarceration due to the conflict between the April 7, 2011, amended sentencing order and the April 15, 2011, amended commitment order regarding the length or the aggregate sentence. Petitioner argued that "it can be assumed that [his amended motion for a reduction of sentence] was granted, which requested a ten to twenty year sentence."[4]

At a July 14, 2021, habeas corpus hearing, respondent acknowledged that the April 7, 2011, amended sentencing order and the April 15, 2011, amended commitment order conflicted with each other. However, respondent agreed with the circuit court that commitment orders are usually prepared by the circuit clerk's office rather than the circuit court judge. Respondent further stated that the April 15, 2011, amended commitment order entered in petitioner's case "appears to be the standard form . . . that is used by the [circuit clerk]."

The circuit court, by order entered on August 19, 2021, rejected petitioner's habeas claims, including the claim that he had already served his aggregate sentence of ten to twenty years of incarceration.[5] The circuit court found that, notwithstanding the April 15, 2011, amended

[4]In claiming that he had already discharged an aggregate sentence of ten to twenty years of incarceration, petitioner noted in his amended habeas petition that, pursuant to West Virginia Code § 15A-4-17(c), incarcerated persons in the DOC's custody receive one day of credit for every day they exhibit good conduct while incarcerated.

[5]Petitioner asserted other claims in his habeas proceeding below. However, on appeal, petitioner challenges only the denial of his habeas petition as to the circuit court's rejection of his claim that he had already served an aggregate sentence of ten to twenty years of incarceration due (continued . . .)

3

commitment order, "there is no indication the [c]ourt meant to reduce petitioner's sentence to one term of ten to twenty years[.]" The circuit court further found that the April 15, 2011, amended commitment order, "presumably prepared by the [circuit clerk's office]," conflicted with the April 7, 2011, amended sentencing order, "which was prepared by counsel [for the State]." Accordingly, the circuit court concluded that petitioner was not entitled to habeas relief as the April 15, 2011, amended commitment order contained "a typographical error."

Petitioner now appeals the circuit court's August 19, 2021, order denying the amended habeas petition. We review a circuit court's order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Additionally, in Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), we held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined."[6]

On appeal, petitioner argues that the circuit court erred in rejecting his claim that he had already discharged his aggregate sentence of ten to twenty years of incarceration. Although petitioner describes the circuit court's findings as "limited" due to (1) its belief that the April 15, 2011, amended commitment order contained an error regarding the length of petitioner's aggregate sentence and (2) its incorrect reading of the February 10, 2011, hearing transcript, we find that petitioner's argument is not that the circuit court failed to make sufficient findings but that it erred

to the conflict between the April 7, 2011, amended sentencing order and the April 15, 2011, amended commitment order regarding the length of the aggregate sentence.

[6]West Virginia Code § 53-4A-7(c) provides, in pertinent part:

> When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief . . ., the court shall enter an appropriate order . . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

4

in finding that his sentence, as reflected in the April 15, 2011, amended commitment order, was incorrect as a result of a typographical error.

Based upon our review of the record, including the February 10, 2011, hearing transcript, we find that the circuit court did not err in finding that the sentence in the April 15, 2011, amended commitment order contained a typographical error. "The real authority by which the [DOC] detains a petitioner is the valid final judgment of the trial court in which he was convicted," and the commitment order prepared by the circuit clerk's office, "which is transmitted to [the DOC], is only evidence of such authority." *State ex rel. Clevenger v. Coiner*, 155 W. Va. 853, 855-56, 188 S.E.2d 773, 775 (1972) (citing *State ex rel. Roberts v. Tucker*, 143 W. Va. 114, 118, 100 S.E.2d 550, 552-53 (1957)); *see also Cart v. Seifert*, No. 12-0342, 2013 WL 1286076, at *2 (W. Va. Mar. 29, 2013) (memorandum decision) (affirming the denial of a habeas claim that petitioner was entitled to benefit from the sequence of his sentences set forth in the commitment order, which contradicted the way the sentences were listed in the sentencing order).

Here, the final judgment in petitioner's criminal case was the April 7, 2011, amended sentencing order, which partially granted his amended motion for a reduction of sentence by reducing petitioner's aggregate sentence from thirty to sixty years of incarceration to twenty to forty years of incarceration. Accordingly, we concur with the circuit court's findings that "there is no indication the [c]ourt meant to reduce petitioner's sentence to one term of ten to twenty years" and that the April 15, 2011, amended commitment order, which was based upon a standard form and not prepared by the court or counsel, was erroneous.

"Under the statute of this state dealing with habeas corpus proceedings . . .[,] [a] petitioner has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release." *Frank A. v. Ames*, 246 W. Va. 145, __, 866 S.E.2d 210, 230 (2021) (quoting Syl. Pt. 1, in part, *State ex rel. Scott v. Boles*, 150 W. Va. 453, 453, 147 S.E.2d 486, 487 (1966)). We find that petitioner failed to meet this burden as he did not establish by a preponderance of the evidence that the April 7, 2011, amended sentencing order was incorrect. Therefore, we conclude that the circuit court properly rejected petitioner's claim that he had already discharged his aggregate sentence because the April 7, 2011, amended sentencing order, which is the controlling order, provides that he is serving an aggregate sentence of twenty to forty years of incarceration.

For the foregoing reasons, we affirm the circuit court's August 19, 2021, order denying petitioner's amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn